### SOPER *vs.* SOPER.

Where a plea of an *insolvent* discharge was clearly bad, for the want of proper averments giving jurisdiction to the officer granting it, the court suspended judgment *non obstante veredicto,* so as to give the defendant the opportunity to apply for leave to *amend.*

Nov. 18th.

MOTION for judgment *non obstante verdicto.*[*] The defendant pleaded the general issue in an action of assumpsit and an *insolvent discharge,* exempting his body from imprisonment. The plaintiff replied fraud. On the trial of the cause the jury found for the plaintiff on the first issue and for the defendant on the second, and the plaintiff now moved for a *general* judgment, *non obstante veredicto,* on the ground that the plea of the discharge was not good, in not averring that the defendant was *an inhabitant* of the county in which the officer resided who granted the discharge. The plea was substantially like that in *Wyman* v. *Mitchell,* 1 *Cowen,* 316, which was adjudged to be bad.

*By the Court,* SAVAGE, Ch. J. The plea is unquestionably bad, but we feel reluctant to give judgment for the plaintiff *non obstante veredicto.* The presumption is that the discharge was granted by the proper officer; and on application, the defendant would have been permitted to amend. We accordingly suspend giving judgment, so that the defendant may apply to amend his plea, which motion will be granted by us on payment of all costs, and saving all the legal rights of the plaintiff.

[*] This is the last case in which a motion *non obstante veredicto* will be heard as a *non-enumerated* motion. Hereafter cases of this kind must be put on the calendar.