BUCHANAN (JONES v.). See Case No. 7,-456.

BUCHANAN (RUTLEDGE v.). See Case No. 12,177.

BUCHANAN (SMITH v.). See Case No. 13,-016.

## Case No. 2,075.

### BUCHANAN v. TROTTER.

[3 Betts, D. C. MS. 70.]

District Court, S. D. New York. May 16, 1843.

DEPOSITIONS—PLEADING—AMENDMENT — COMMISSION — EXTENSION OF TIME FOR RETURN OF — LACHES IN PROCURING.

[1. In an action by an ex collector of revenue in Ireland, against a British consul, a commission could not be executed because defendant had erroneously pleaded that the moneys claimed by plaintiff were the property of the queen, whereas in fact, by a local law, the moneys in question, being import taxes, were regarded as the property of the treasurer of the county. _Held_, that defendant should be allowed to amend his plea, and should also be granted sufficient time for the return of a new commission.]

[2. Decision on demurrer to a special plea by defendant was rendered April 5; an amended plea was filed on the 8th; plaintiff replied February 23, the following year; and thereafter defendant obtained the issuance of a commission. _Held_, that there was no laches in procuring the commission.]

[3. Defendant, having no reason, from the instruction given him, to doubt that the moneys in question belonged to the crown, was not culpably remiss in failing to plead with exactness in reference to the ownership thereof.]

[At law. Trespass de bonis asportatis by James Trotter against James Buchanan, British consul. Motion by defendant to amend plea, and annul interrogatories. Granted.]

Mr. Charles Edwards [for defendant] moves on affidavits for leave to amend the special plea filed in this case, and also to annul the interrogatories formerly sent out to Ireland, or to issue a new commission.

Mr. Bradley [for plaintiff] opposes the motion, and reads affidavits.

[Before BETTS, District Judge.]

BY THE COURT. The action is trespass de bonis asportatis, alleging that the defendant forcibly seized upon and took out of the possession of the plaintiff, divers goods and chattels, and also a sum of 340 pieces of English gold coin. The defendant pleaded the general issue, appending a motion of justification. He also pleaded a special plea, which was demurred to, and was decided by the court to be bad, as amounting to no more than the general issue. The defendant had leave to amend the special plea, and then plead over, averring that, as to gold coin, the plaintiff ought not to recover, and because the queen of Great Britain, being lawfully possessed in Ireland of the said gold coins, as of her own property, casually lost the same there, and they came by finding to one Richard Roe, who delivered them into the possession of the plaintiff, and the defend-

ant, as British consul, decreed the restoration thereof, and, for the use of the queen, took and carried away the said coins, etc. After replication to this plea, the defendant sent out a commission to Ireland, accompanied by interrogatories adapted to its averments, with the view to prove the facts therein set up. It appears that when the commission arrived it was found useless to attempt its execution, because the main fact on which the plea rested was misapprehended and inaccurately stated. The monies, the subject of the issue, though raised by imports or taxes, did not belong to the crown, but, under a special local law, were regarded the property of the treasurer of the county of Meath, for purposes of general services, and the application is now made to amend the plea and notice by changing the allegation of ownership from the queen to the treasurer. This, so far as respects the form of the plea, is mere matter of circumstance, not touching the vital question on which the defence is based, which is that the coin was public property in Ireland, and as such was reclaimed, and taken from the possession of the plaintiff, by the defendant, the British consul here, by authority and consent of his government.

It is indispensable that the proofs should conform to the allegations, but in substance the merits in no respect depend upon the point whether the technical or legal property in the money vested in the queen, or any other public officer, the gist of the averment being that this was public money, and as such was arrested and seized here by the defendant under the orders of his government. The sufficiency or pertinency of the matters pleaded is not brought under review in the parties all at issue upon the facts, and accordingly the sole consideration is whether the defendant shows plaintiff entitled to the favor of the court, enabling him to rectify this error of statement in the plea, and to have a delay of the trial until the proof may be brought in. The practice in all the American jurisdictions is highly liberal and indulgent in respect to the correction of errors in pleading. The act of congress on that head, had prescribed a broader indulgence than was sanctioned by the English statute of jeofails, or in those states which had adopted that act. Act Sept. 24, 1789, § 32 [1 Stat. 91]. Although the act cures only defects of form, yet the courts do not hesitate to follow out its spirit in granting amendments in matters of substance, up to the period that the case terminates in judgment. Smith v. Jackson [Case No. 13,065]; [Wilson v. Koontz] 7 Cranch [11 U. S.] 206; [Mossman v. Higginson] 4 Dall. [4 U. S.] 12; [Rutherford v. Fisher] Id. 22; 1 Wash. C. C. 372 [U. S. v. Johns, Case No. 15,481]; [Marine Ins. Co. v. Hodgson] 6 Cranch [10 U. S.] 206. The courts in this state, and others, scarcely weigh any other particular than whether the amendment asked for is necessary to bring out the full justice of the case on the point in contestation. 4 Cow. 404; 1 Wend. 126; 2 Bin. 291; Loring v. Gay, 9 Pick. 68; 5 Wend. 112; 11 Mass. 121. A misdescription of a party, who comes in representatively, has been corrected even after verdict. Wright v. Williams, 5 Cow. 501. The English practice is in substance the same; and the courts will not withhold the privilege of amending, so long as the pleadings are in paper, if a reasonable foundation is laid for the application.

I am satisfied, therefore, that the defendant is entitled to the amendment he prays for, and, though the suit has been kept pending a long period, there does not appear to be any laches imputable to the defendant, in taking out his commission and pursuing it since issue was joined. The decision on the demurrer was rendered April 5, 1842, and the amended plea filed the 8th, to which the plaintiff filed a special replication February 23, 1843, and thereafter the defendant recovered and obtained his commission. It is supposed that there is culpable remissness on his part in not having an exact knowledge of the parties before pleading, but it seems to me that exactness is sufficiently excused, as the proceedings clearly show that the plaintiff was treated as a collector of the queen's revenue in Ireland, and the money was claimed and arrested in his hands, as belonging to the crown. The plaintiff had no reason given him, in the progress of his acts in getting possession of the money, to doubt the money alleged to have been embezzled by the plaintiff belonged to the crown. He demanded it, in his character of consul, as the queen's property, from the plaintiff, on the charge that he (the plaintiff) had received it and embezzled it as part of the revenue of the crown; and although the plaintiff was not obliged to correct the misapprehension of the defendant in this respect, and is justified in law in simply resisting the acts of the defendant, and overthrowing his defense by any matters of law or fact which may bar or avoid it, yet, on addressing the equity of the court, the defendant may crave indulgence in respect to a mere formality in which the plaintiff could have set him right, had he chose to do so, it being necessarily known to him whether he had acted as an officer of the queen. I think, accordingly, that not only the amendment is to be allowed, but the defendant is entitled to sufficient time to obtain the return of his commission from Ireland, and I shall allow until the 20th of July next to obtain the return of the commission. The defendant must pay the cost of this motion, and costs consequent on the amendment.

BUCHANAN (UNITED STATES v.). See Case No. 14,678.

BUCHANAN (WARING v.). See Case No. 17,176.

BUCHANAN COUNTY (HUIDEKOPER v.). See Case No. 6,847.