## Case No. 14,675.

### UNITED STATES v. BRUAN.

[7 Betts, D. C. MS. 25.]

District Court, S. D. New York, Feb. 17, 1846.

#### ACTION ON JUDGMENT—DEFENSES.

[In an action on a judgment assigned to plaintiff, a plea merely alleging that plaintiff received the assignment of the judgment for the benefit of the firm of which defendant is the surviving partner, without disclosing from whom the consideration for the assignment proceeded, or stating the nature of the trust, and a verdict in accordance with such plea, do not justify a judgment for defendant, such plea and finding not being inconsistent with plaintiff's possession of rights in the subject-matter which equity would uphold.]

[This was an action at law by the United States against George W. Bruan, executor.]

BETTS, District Judge. This is an action of debt to recover $351,216.72, the amount of several judgments rendered in this court, in favor of the plaintiff against the defendant. The defendant pleaded specially in bar of the action, that by act of congress of June 15, 1832 [4 Stat. 530], the secretary of the treasury was authorized to compromise and finally settle with the trustee of the late firm of Thomas H. Smith & Son all the claims of the United States upon the said firm and their securities upon such terms as he may deem most conducive to the interests of the United States, and avers that the judgments in the declaration mentioned composed a part of those claims, and that the defendant was, at the passage of the act, sole surviving partner and trustee of Thomas H. Smith & Son. It further avers that the judgments, etc., were compromised and finally settled with the late firm of Thos. H. Smith & Son, and the same and all the right, etc., of the United States therein were assigned to Matthias Bruan, by and with consent of the secretary of the treasury; and that said M. B. now holds each and every of said judgments for the benefit of said firm or the surviving partner thereof; and that Thomas H. Smith was one of the partners of said firm; and that the bonds on which the judgments were rendered were executed by him as such partner. The plaintiffs replied, that the defendant was not the sole trustee nor any trustee of the firm;

that the said judgments were not compromised and finally settled with the trustee of the said firm: that Matthias Bruan does not hold the judgments nor any of them for the benefit of the firm or the surviving partner thereof.

On the trial of these issues, the deed of settlement made by the secretary of the treasury, and by which he also assigned the judgments to Matthias Bruan, were given in evidence. It was contended by the defendant upon the proof, that Matthias Bruan took the assignments and held the judgments for the benefit of the late firm of Thos. Smith & Co., and as trustee of the defendant, the representative of the firm. On the other side, the argument was that the United States had transferred the judgments to Matthias Bruan as purchaser in his own right, and that he holds them as absolute owner. The jury, under the charge of the court, found specially: First, that the defendant was sole surviving partner of Thomas H. Smith & Son, and was not sole surviving trustee of that firm: second, that the aforesaid judgments were compromised and finally settled by the United States with Matthias Bruan, as trustee of the firm, and not with the defendant; third, that Matthias Bruan holds the judgments so assigned him as trustee of said firm. A motion is now made that judgment be entered for the plaintiffs veredicto non obstante.

It is most manifest that the plea sets up no bar in law to the recovery of the plaintiffs. It does not, by implication, import that the judgments have been paid and satisfied by the defendant So far as it asserts the compromise and settlement with the United States to have been made by the defendant, it is negatived by the verdict. The only particulars involved in the averments, which would seem to have relation to the vitality of the judgments is that they are in prosecution for the benefit of the assignee, Matthias Bruan, who holds them for the benefit of the firm. This fact, as found by the jury, is not an explicit answer to the issue, but may perhaps properly be taken as tantamount to it. I do not say that the defendant, if he had pleaded and proved the consideration on the settlement to have been paid by the firm, might not even, at law, defeat this action, brought with a view to revive the judgments. The nominal assignee would then be a mere conduit for conveying to the party interested the right passed from the judgment creditors, and a court of law might, perhaps, fitly exercise its equitable control over judgments and parties to the extent of preventing such formal assignee enforcing the judgments against the party actually entitled to hold them. The plea interposed does not present that case. It does not disclose the consideration upon which the assignment was obtained, at all events; it does not aver such consideration proceeded from the defendant or the firm.

The issue and the finding of the jury thereupon is, that Matthias Bruan holds the assignment as trustee of the firm of Thomas H. Smith & Son. Such holding would be in no way inconsistent with the existence of collateral interests or privileges of his own to be protected by the judgments before they became the full property of the firm, and thus legally extinguished. No facts characterizing the trust exercised by Matthias Bruan are given by the plea, nor can its nature be implied from the verdict; and the court cannot accordingly pronounce even that these judgments were trust deposits in his hands. He might be trustee of the firm in the most ample sense, and yet hold liabilities against them, absolutely in his own right. Nevertheless, accepting it as declared by the verdict that the assignee took the assignment of the judgments, and holds them for the benefit of the firm, I do not think that constitutes a legal defence to the revival of the judgment. It is not inconsistent with his possessing rights in the subject-matter which a court of equity would uphold, or this court, if the application had been made by motion on the part of the defendant, to have satisfaction of the judgments entered, or to have them transferred by Mr. Bruan to the defendant. The defence not being a legal one in substance, the plaintiffs are entitled to judgment notwithstanding the verdict affirmed it. 2 Cow. 626; 2 Archb. Civil Pl. p. 229. I think the plea would have been pronounced bad on general demurrer. This is not the case, then in which there is reason to believe from the statement of the plea that it is founded on matter which would be a bar if well pleaded, and where the court would accordingly endeavor to protect the verdict by permitting the defendant to amend. 5 Wend. 112. Judgment for plaintiff on the verdict.