## SUPERIOR COURT.

### JAMES VAN VALEN agt. ELLIOT E. LAPHAM.

A defendant cannot set up as a counter-claim a note made by the plaintiff, unless it was due, and belonged to the defendant when the action was commenced.

When a complaint states, as the cause of action, a note made by the defendant, and the answer first denies some of its material allegations, and then sets up, as a counter-claim, a note made by the plaintiff, which was due before suit brought, but was transferred to the defendant subsequently, and the plaintiff neither demurs nor replies to the counter-claim, but after the time to do so has expired, notices the issues of fact for trial, the judge at the trial must direct the proper judgment to be entered upon the facts found by the jury, and admitted by the pleadings.

If the facts alleged as a counter-claim, admitting them to be true, do not constitute one which can be made available in that action, he must reject it.

In all cases, save certain ones specified in § 278 of the Code, a judgment upon issues of law or of fact must be entered on the direction of a single judge.

There is no necessity now to move before any judge, other than the one who tries an action, for a judgment *non obstante veredicto*. If he has serious doubts as to the proper judgment, he will order that the case be reserved for argument or further consideration. If he has none, and the case is special, he will decide what the judgment shall be. If the case is not special, or if he gives no directions, the clerk must enter judgment in conformity with the verdict.

*Special Term, Dec.,* 1856.

THE complaint states, that defendant made his promissory note, dated March the 1st, 1854, whereby he promised to pay to the order of Moore & Van Valen, one year after its date, $200, and delivered it to the payees: they, before its maturity, for a valuable consideration, duly indorsed it to the plaintiff; that no part of it has been paid, and plaintiff is the lawful owner and holder of it; and defendant is indebted to him thereupon in the sum of $200, with interest from the 4th of March, 1855, for which sum the plaintiff prays judgment.

The defendant, by his answer, " admits the making of the promissory note," but says, he has no knowledge or information sufficient to form a belief, whether the payees duly indorsed it to the plaintiff for a valuable consideration, and " de-

nies each and every allegation in the said complaint contained."

The answer, then, "for further answer sets forth the following counter-claim," viz., "plaintiff made his promissory note, dated the first of May, 1852, by which he promised to pay William Toddhunter, or bearer, $244.20, one day from its date. Said note was subsequently transferred to defendant. It was so transferred, and defendant became the actual owner of it, subsequent to the time of the commencement of this action. Defendant is now the actual owner and holder of it; it is wholly unpaid, and the plaintiff is justly indebted to defendant thereon, in the said sum of $244.20, with interest from the 4th of May, 1852; wherefore he demands that sufficient of its amount be applied to satisfy any amount that may be found due from defendant on the note described in the complaint, and that defendant have judgment against the plaintiff for the difference—between what, if anything, may be found due from defendant on the note described in the complaint, and to defendant on the note set up as a counter-claim, with the costs of this action." The answer was verified, and a copy served on the 22d of October, 1856.

The plaintiff noticed the action for trial for the November term of the court, which commenced the 3d of Nov., 1856. It was reached and called on the 27th of November, and came on to be tried before Bosworth, J.,—a trial by jury being waived, if it should be held that the action was in a condition to be tried. The making and indorsement of the note described in the complaint are admitted, subject to the objections hereinafter stated.

H. S. Lincoln, *for defendant*, insisted,

1st. That, inasmuch as no reply had been interposed to the counter-claim, the court could not dispose of the action at a term for the trial of causes by the court and a jury, on a mere notice, in the ordinary form of a trial of the issues of fact.

2d. If the court was of a different opinion, the defendant was

entitled to a judgment in his favor, for the difference between the amounts due upon the two notes. The counter-claim stated facts which established a cause of action in favor of the defendant, against the plaintiff, and one which existed when the action was commenced. That it was not essential to a counter-claim, that could be set up by answer, that it should have belonged to the defendant, when the action was commenced. It was enough that it belonged to him when the answer was put in.

3d. That the question, whether it should have belonged to the defendant when the action was commenced, could not be determined in this manner. That the Code has prescribed two modes of trying the question. If the allegations of fact are intended to be controverted, a reply must be put in, and the issues of fact tried by a jury. If the matters alleged are conceded to be true, but are deemed insufficient in law, the only mode of testing the question is by demurrer. That no demurrer or reply having been put in, the judge presiding at the trial must treat the answer as sufficient, and the counter-claim as valid in law, and give judgment accordingly.

SEELEY & CHEENEY, *for plaintiff.*

BOSWORTH, Justice. The cause could not be noticed, regularly, until issues were joined upon all the pleadings. (*Code,* § 256.) But as no objection was made, that it was prematurely noticed, if the plaintiff can notice it at all, while the pleadings are in their present condition, it is fair to presume that some stipulation or order precludes the defendant from raising that question.

Even if the counter-claim is valid, and one that can be set up in this action, still, it would be necessary for the plaintiff to establish the cause of action stated in his complaint; for if he should fail to do that, the defendant would be entitled to judgment for the whole amount of the counter-claim.

It cannot be denied, as I think, that issues of fact were joined, which the Code requires should be tried by a jury. If it was

Van Valen agt. Lapham.

necessary for the plaintiff to bring these issues to trial, the question then arises, is it the duty of the judge presiding at the trial to dispose of the whole case?

The time to reply or demur has elapsed, and the plaintiff cannot now do either, without an order of the court permitting it, obtained on a special application for the purpose.

Neither can the plaintiff move, under § 247, for judgment upon so much of the answer as sets up a counter-claim, on account of its frivolousness, unless he may so move after it is too late to demur.

Such an idea is repugnant to the provisions contained in §§ 154 and 168. The latter section imports that, unless the counter-claim be demurred to, or issue be taken on its allegations of fact, it is to be taken as true, and the final judgment is to be rendered, on a notice given under § 154, or when the action is brought to trial, upon the issues joined in it.

A notice under § 247, is a substitute for the old practice of demurring to an answer, and then noticing the demurrer as frivolous on account of the frivolousness of the pleading demurred to. And I doubt the right of a plaintiff to move under § 247, unless the answer, as an *entirety*, is frivolous. If it contains several defences, some of which are well pleaded, while others are insufficient, the latter should be demurred to, or moved to be stricken out, as irrelevant, or redundant, if of such a character as to be subjects of such a motion.

But, although no reply is interposed to a counter-claim, it does not follow that final judgment must be given for the defendant, although the amount of it exceeds the amount due to the plaintiff on the cause of action stated in his complaint.

If the counter-claim spread upon the record is not a legal defence to the action, according to the provisions of the Code, or in other words consists of facts, which are insufficient to bar a recovery by the plaintiff, or to affect the amount of such recovery, then the plaintiff should have judgment, notwithstanding the allegations of fact constituting it are admitted to be true, by a failure to reply to them, or on being put at issue, are found by a jury in favor of the defendant

Van Valen agt. Lapham.

Under the former practice, if a defence was put on the record by plea, which was not a legal defence to the action, and the defendant had a verdict, the court, on motion, would give the plaintiff leave to sign judgment, notwithstanding the verdict, provided the merits of the case were deemed to be very clear. The motion was an enumerated motion, and was founded on the record, and would not be heard on affidavits. (5 *Wend.* 112; 2 *id.* 624; 2 *Cow.* 626.)

This, in brief, is the position of the parties. Material allegations of the complaint are controverted by the answer. Issues of fact are thereby joined which must be tried by a jury, unless a trial by jury be waived. The answer also contains new matter, which is pleaded as a counter-claim. The time to reply or demur to such new matter has elapsed. As to that there is no issue, and can be none, unless the court permits a reply or demurrer to be interposed. The plaintiff asks no such privilege.

He notices the issues of fact for trial, they are tried, and the evidence given, or admissions made, require them to be decided in the plaintiff's favor. The plaintiff is consequently entitled to judgment, unless something is disclosed by the record, which requires the application to be made at some other time or place, or which *entitles the defendant to a judgment,* notwithstanding the plaintiff has proved the cause of action stated in his complaint. No obstacle to granting judgment is disclosed by the record. If the counter-claim is valid, judgment should pass for the defendant. If it is clearly invalid, the plaintiff should have judgment—unless it be refused on the ground that the plaintiff is estopped from questioning its sufficiency and validity by reason of his failure to demur to it.

I do not think such a consequence can be permitted. If the time to demur had not elapsed, I would require the plaintiff to demur, and thus present the question of law, which is raised by the admission of the truth of the allegations constituting the counter-claim ; which admission results, under a provision of the Code, from a failure to controvert them by a reply. In either case the question to be decided is the same. The mode of bringing the matter before the court by a demurrer is pre-

scribed : the mode of bringing it before the court, upon pleadings in the condition of those in this action, is not prescribed, with this exception.

The *defendant* may move under § 154, if this case is one coming within its provisions. That section reads now as it did prior to the amendment, which allowed a defendant to set up a counter-claim. New matter, constituting a *defence*, would not entitle the defendant to a *judgment*, unless it was a bar to the *whole* of the plaintiff's cause of action. If the answer was a defence to a definite part of the plaintiff's claim, and only that, the defendant could not have a judgment in his favor. The plaintiff would still recover the residue of his claim. If the defence was matter of set-off, properly so called, and to only part of the plaintiff's claim, a defendant could have no judgment in his favor, on a failure to reply to such an answer. If the answer containing the defence admitted the plaintiff's cause of action, the plaintiff would have judgment for the difference between the amount of that and of the set-off. If the plaintiff's cause of action was controverted, what the judgment should be could not be known, until the issues of fact were determined. But whatever a defendant may do under § 154, the plaintiff is not authorized by it to make any mere motion founded on such pleadings.

The pleadings present only issues of fact. An *issue* of *law* can only arise upon a *demurrer* to the complaint, answer, or reply, or to some part thereof. (*Code*, § 249.) A *question* of law arises as to the sufficiency or validity of the counter-claim. The pleadings present issues of fact only. They are noticed for trial. The action being reached, the plaintiff has a right to try them. A trial by jury is waived; they are tried by the court, and the plaintiff asks for such judgment as he is entitled to, on the decision of those issues of fact.

I see no difficulty in determining the course to be pursued. When there are no issues except issues of fact, and they are tried by a jury, if the judge presiding has any doubt, on the rendition of their verdict, what judgment should be rendered, he will order that the case be reserved for argument or further

consideration. If he has no doubt, he will render such judgment as he thinks the law requires. (*Code*, § 264.) Under the former system, a judge at *nisi prius*, or at the circuit, had no power to give any directions, as to the judgment to be entered. · When a trial by jury is waived, and the issues are tried by the court, there can be no question of either the power or duty of the court to make a decision disposing of the entire case. In all cases, except those specified in sub. 1, of § 246, and in § 384, and those which by § 265 may be heard, in the first instance, at a general term, judgment must be entered on the direction of a single judge. (§ 278.) The judge holding the court at which the issues of fact are tried, when those are the only issues made by the pleadings, whether they are tried by a jury or by the court, directs what judgment shall be entered. If they are tried by the court, he is required to do it. (§ 267.) If tried by a jury, and the case is one requiring any special action of the court, he should either direct what judgment should be entered, or order that the case be reserved for further argument or consideration. (§ 264.) If no different direction be given, the clerk is required to enter judgment in conformity with the verdict. (*id.*)

In this view, the only question is, what judgment should be given? The counter-claim states a good cause of action, in favor of the defendant against the plaintiff. In that respect, this answer differs from the answer in *Vassar* agt. *Livingston*, (3 *Kern.* 248.) The new matter in the latter answer, to which the plaintiff omitted to reply, constituted, if true, a *defence* merely. It was not matter on which the defendant could maintain *an action* against the plaintiff. The matter of that answer, therefore, required no reply. The Code put it at issue. (§ 168.)

The answer in the present action states, as a counter-claim, facts which create a cause of action in favor of the defendant against the plaintiff. If not deemed available to defeat this action, regular practice required the plaintiff to demur, and thus raise an issue of law, to be tried and determined in the manner provided by the Code.

Van Valen agt. Lapham.

I think § 150 prescribes, as an essential requisite of a counter-claim, coming within its second subdivision, that it should be a cause of action existing in favor of the defendant at the commencement of the action.

I should require very clear and precise language to satisfy me, that the legislature intended to provide that a defendant, *after* he was sued, might purchase a note or account against the plaintiff, and set it up to defeat the action.

If that is the fair import and meaning of § 150, it follows that it repeals the statute in relation to set-offs. To authorize the set-off of one note against the other, the former must have belonged to the defendant at the time of the commencement of the suit. (2 *R. S.* 354, § 12, *sub.* 4.) But although expressly prohibited by the Revised Statutes from setting it off, it may be pleaded, under the Code, as a counter-claim. To this extent, under this construction, the Code repeals the Revised Statutes.

I think the meaning of § 150 is sufficiently obvious to be free from any reasonable doubt. If the matter of the counter-claim is one falling within subdivision 2, it arises upon a contract wholly disconnected from the plaintiff's cause of action. In such a case the matter, to be pleadable as a counter-claim, must constitute a cause of action in favor of the defendant against the plaintiff, and it must have existed in favor of the defendant against the plaintiff at the commencement of the action.

If the opposite construction is to prevail, then it will follow that a defendant, upon being sued, if he can find any cause of action, arising on contract, existing in favor of any body at the commencement of the suit, may purchase it, and set it up in his answer, if he can purchase it before the answer must be put in. But if he buys it after that time, he cannot set it up under § 177, unless the fact of having acquired such a counter-claim after he had answered, is one material to the case.

I do not think the legislature intended to make any such discrimination, or to authorize an action fairly commenced, to recover money honestly due, to be defeated by such an operation, and the plaintiff subjected to the costs of the action.

I think the matter set up as a counter-claim, does not constitute one in this action. It is no defence to it, and presents no grounds for refusing to render a judgment in favor of the plaintiff for the sum prayed in his complaint.

Approved by DUER and WOODRUFF, Justices.