By the Court.—Monell, J.
The judgment in this case was obtained upon a motion made at special term, pursuant to notice for judgment upon the complaint and answer; upon which motion it was adjudged that the answer presented no defense to the action. There had been no demurrer to the answer, nor had there been a motion for judgment *207 upon it as a frivolous answer, nor a motion to strike out the defense as irrelevant. But merely on a motion for judgment, the court, at special term, overruled the defense or matter set up in the answer, and directed judgment in favor of the plaintiff. No findings of fact or conclusions of law were made; nor was there any opportunity afforded to the appellants to object to the manner of proceeding, or to except to the decision of the court.
The practice adopted in this case, was probably supposed to be in accordance to Rule 71. But, I am of opinion, that it was not intended by that rule, to authorize a summary trial, where the answer of any defendant presented, what might be claimed to be a defense to the plaintiff’s case, or to any part of it.
The rule provides for this summary trial, only, where no answer has been put in, “ or any answer denying any material fact” in the complaint.’
Doubtless, the court has the power, in any stage of the action, to overrule a defense ; but it can ordinarily be done only upon a demurrer, or upon one of the motions to which reference has been made. Where there is a defense, or what is claimed to be a defense, the usual, and I think, the correct practice is, if no demurrer is served or motion made to strike out the defense as irrelevant, or for judgment upon it as a frivolous pleading, to put the cause upon the calendar, and upon the trial pronounce judgment upon the defense (Boyce v. Brown, 7 Barb. 81; Van Valen v. Lapham, 13 How. Pr. 243). In that way the defendant can fairly raise the questions presented by his answer, and afterwards review any decision which may be rendered against him.
The intention and object of Rule 71 was, to prevent defendants from arresting or delaying a plaintiff, by interposing in the action controversies between themselves ; and hence, where it is sought to settle equities *208 between defendants, and none of them deny the allegations in the complaint, a summary trial may be had, under the rule. But where the answer raises an issue against the plaintiff\ whether sufficient or not is not important, it was not, I think, the design of the rule, that such issue should be determined, otherwise than in the ordinary way of trying issues of fact, although the answer may not deny any material fact in the complaint.
Overlooking the irregularity in the trial, however, if there was any irregularity, and treating it as a demurrer ore tenus, let us see if the appellants have any de fense.
Their claim to priority arises, as I understand it, from the fact, that they had contributed largely to the value of the mortgaged premises : which value, under the peculiar arrangement between the plaintiff and Browning and Moore, subsequently accrued or would accrue to the plaintiff’s benefit.
The premises had been leased by the plaintiff to Browning and Moore for a term of years, with a. covenant in the lease, that the improvements should be surrendered to the lessor, at the end of the term. Subsequently, the lessees agreed to improve the premises, the plaintiff agreeing to advance the money therefor, and to take a mortgage to secure the advances.
The appellants furnished work and material for the improvements, with the knowledge of the plaintiff, and before the mortgage was given, to the extent of about ten thousand dollars ; and to that extent, enhanced the value of the premises, when the mortgage came to be given.
But the plaintiff had, at the same time, advanced upon his agreement with the lessees a sum of money much greater than the value of the work and materials furnished by the appellants; and a part of which money, doubtless, ought to have gone to them. But I *209 cannot see why a mechanic, who furnishes labor and materials towards the construction of a building, should have a priority of lien over a capitalist who advances money for the same purpose, unless he gets such priority legally and under some of the modes provided for the purpose.
The plaintiff had no lien for the money he had advanced, until the execution and delivery of the mortgage, and the appellants had no lien for the work and materials furnished until the filing of their mechanics’ lien under the statute ; and as that was after the plaintiff’s lien had attached, it must be susidiary to it.
It was contended by the appellant’s counsel that a mechanic occupies a stronger position in respect to his labor and materials furnished, than any other person; and that he should, at all events, and as against all others, be protected ; and it was, therefore, claimed that the lien laws, which have been enacted for his security, give him a priority of lien for his labor and materials furnished in the construction of a building, over all others.
I should be very reluctant to put any such construction upon the statute ; and shall not do so, unless compelled by the plain letter and intent of the statute.
It is claimed that the act of 1863 (Laws qf 1863, ch. 500, § 1), which gives the lien to a person, who as laborer, in pursuance of any contract with or employment by the “owner,” shall perform any labor, &c., shall have a lien, &c.
The difficulty in making that section of the law available to the appellants is, that in no sense whatever, did the plaintiff stand in the character of “owner” in respect to the buildings. Although he was the owner of the fee and the lessor, and by the terms of the lease was to have all improvements at the end of the term; and although he advanced money towards the construction of the buildings, nevertheless *210 he was not owner in the sense contemplated by the statute.
Besides, there was no contract with, or employment by the plaintiff, who stood in relation to the buildings, precisely as any stranger would have stood, who had made a building loan.
And the same construction must be put upon the act of 1866. Under both statutes, the term “ owner ” must be deemed to mean the person for whom the building is erected or improved. So, that, if a tenant erects a building upon Ms landlord’s property; or alters or improves one already there, the tenant, within the meaning of the lien laws, is “owner” and not the landlord, although the latter, by the terms of the lease, or by operation of law, will become the owner of the building or improvement, at the end of the term.
These views are strictly in accordance with Ombony v. Jones (19 N. Y. 232), and Loonie v. Hogan (9 Id. 435). The latter case is quatuor pedibus with the one now before us.
It is clear, therefore, that the lien of the appellants was subseqent to the lien of the plaintiff. The only lien wnich they acquired, was under the notice filed under the lien laws of the State, and that lien attached only from the time of filing, and to such interest in. the premises as the lessees then had.
It follows, from all this, that the matter set up in the appellant’s answer, constituted no defense. It was properly overruled, and the judgment directing payment of the mortgage debt, was correct.
• It is not usual to insert in a judgment a direction to pay any taxes or assessments which may, at the time of the sale, be a lien upon mortgaged premises. That is usually done by the referee or officer who makes .the sale. Yet, in an ordinary case of a mortgage upon real property, it would not be < deemed an essential error. But in this case, which is a mortgage upon leasehold *211 property, taxes and assessments should not be paid out of the purchase money. If the lessees have agreed to pay such liens, it is at most a mere personal covenant, and not included in their mortgage.
For a stronger reason, the direction to pay arrears of rent, is improperly in the judgment.
The judgment must, therefore, be modified, by striking out the directions to pay out of the purchase money, taxes, assessments or rent.