J. F. Daly, J.
The defendant’s time to answer was extended, by order of the court, to April 9, 1873. On March 25, 1873, plaintiff moved on notice to vacate that order. The court denied the motion, upon defendant’s attorney signing a stipulation “that defendant *145 should take short notice of trial for April term, and date of issue be when answer was originally due, being on February 28.” Such stipulation was made on said March 25, and pursuant thereto plaintiff served a notice of trial for the first Monday of April, 1873, and defendant admitted due service. Plaintiff filed a note of issue in due time, and the cause was. placed on the calendar - for the April term. The term commenced on Monday, April 7. On April 9 defendant served his answer, but neglected to file and serve an affidavit of merits. On April 14 plaintiff came into court and took the inquest. The defendant now moves to set the inquest aside, for the following alleged irregularities : 1st. Because the cause was not properly on the calendar of the April term, the issue not being joined until after the term commenced, the notice of trial being served before issue joined. 2nd. Because defendant had, as matter of right, twenty days to amend his answer after serving it, and the inquest was taken before that time had expired. 3rd. Because his answer contained a counter-claim, to which defendant had not replied to nor demurred to, and which was wholly disregarded in giving him judgment. The defendant also asks leave to come in and try the issues on the merits.
As to the alleged irregularities, I am clearly of opinion that the plaintiff’s practice was regular. First. The cause was properly on the April calendar. The object of requiring defendant to accept short notice of trial for April (which he did, and admitted due service under his stipulation), was to give plaintiff the benefit of that term. If he were to have the benefit for any purpose, he was to have it for every purpose; one being the right to try the case that term, if he had the opportunity. If he did not gain the right for that term; he could not make that notice of trial available for any subsequent term ; and in order to bring on his *146 case at any time, he would have to give a new notice. This would in effect be to consider the notice given for April wholly void and of no effect; but this would be to hold the defendant’s stipulation to take such notice of no effect, and finally to make the condition imposed on him by the court on granting him an extension of time to answer of no value ; which latter should not be permitted unless inevitable, which it is not. There was of course no issue joined when the notice was given, but the defendant by his stipulation agreed to receive it as if there were an issue, and cannot now raise the objection. The cause could not be tried until there was an issue to try; but as soon as there was one joined the trial could be had. If a trial could be had, an inquest could be taken in a proper case; i. e., where no affidavit of merits was filed and served.
Second. The objection that defendant's twenty days to amend his answer had not expired when the inquest was taken, is not good. . Neither the plaintiff nor the court is bound to anticipate an amendment of his answer by the defendant, nor to wait for it. If his cause be reached for trial before the twenty days is .out, he must amend at once, or his fight is gone. In this case he could have kept his time open by filing his affidavit of merits.
Third. The alleged counter-claim in the answer was properly disregarded, and judgment given for plaintiff for the full amount claimed in the complaint. The facts stated in the answer did not constitute a counterclaim, because it was not one existing “in favor of a defendant” in the action, but in favor of a third party. The suit was brought against the guarantor of the bonds, and his principal was not joined with him as defendant. The counter-claim was a cause of action in favor of the principal only, who was not a defendant. The cases cited by defendant (Newell v. Solomons, 22 Barb., 647, and Parsons v. Nash, 8 How. Pr., 454), *147 therefore, do not apply. Neither was the counter-claim connected with the subject, of the action. It was an action for moneys had and received by plaintiff belonging to, or the benefit of which ought to be received by, the maker of the bond which the defendant had guaranteed. Had the maker been a .party to the action, he could have recovered, and his recovery would have1 enured to the benefit of his guarantor (see cases cited above); but the plaintiff sought no judgment against the maker, and did not make him a party. The plaintiff was not bound to reply to the counter-claim, nor to demur to it, but might, as he did, on the trial make the objection that the answer did not set forth facts sufficient to constitute a counter-claim as against Mm (Van Valen v. Lapham, 13 How. Pr., 243; 5 Duer, 689; Boyce v. Brown, 7 Barb., 81). The case of Fettretch v. McKay, 11 Abb. Pr. N. S., 453; S. C., 47 N. Y., 426, does not overrule those decisions; it only holds that a counter-claim cannot be stricken out as irrelevant, On motion- before trial, and decides in effect that if the plaintiff wishes to dispose of it before the trial of the other issues, he must demur to it, or move to make it more definite.
There do not appear to be any merits in the answer, the affidavits read on the motion disposing of that ground of the application.
The motion must be denied.