R'UFUS L. HOWARD, Respondent, *v.* SAMUEL JOHNSTON, Appellant.

Defendant contracted to pay to plaintiff $5,000 "out of any moneys or property" received by him from the sale or license of certain patented inventions. Defendant assigned the patents, the assignment to take effect when the purchase-price agreed upon ($25,000) was paid. The assignee did not pay, and defendant revoked the assignment. Defendant, with the owners of certain other patents, thereupon assigned their patents to H. in trust, he agreeing to grant licenses and sell royalties, and to divide the proceeds as soon as received, in certain specified proportions, between the assignors and himself, the amount due plaintiff, however, to be paid out of the first proceeds. In an action upon the contract with plaintiff, *held*, that he was not entitled to interest from the time of the first or the second assignments, but only from the time moneys were received on sales or licenses.

Upon the trial of the action defendant moved and was permitted, without objection, to amend his answer by setting up an over-payment and demanding judgment for the amount thereof. It was proved that said over-payment was made after the commencement of the action. *Held*, that defendant was entitled to judgment for the amount of such over-payment; that under the Code of Procedure (§ 150, sub. 1, which was in force at the time of the trial), as it was a claim arising out of the contract upon which the action was brought, it was a proper counter-claim; that defendant might have been allowed to set it up by supplemental answer (§ 177); and that the amendment was in effect a supplemental answer, and gave the same right to judgment.

*Van Valen* v. *Lapham* (13 How. Pr. 240), distinguished.

(Argued September 23, 1880; decided October 5, 1880.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant entered upon the report of a referee.

This action was brought in 1874, upon a promissory note for

$1,000, dated April 13, 1868, and also upon a contract bearing the same date, executed by defendant, by which he agreed to pay plaintiff $5,000, " out of any moneys or property " which should be received by him from the sale or license of certain patented inventions, being improvements in harvesters, the same to be paid by defendant as fast as received.

The action has been twice tried; upon the first trial the referee reported in favor of plaintiff; the judgment entered thereon was reversed by the General Term.

Upon the contract was indorsed various payments made to plaintiff, the first made in September, 1871, and the last in October, 1874, which was after the commencement of this action, of $2,500. Upon the second trial, as appears by the case, it was conceded " that upon the former trial, after the plaintiff had given in evidence the payments which had been made upon said contracts, and indorsed thereon by the plaintiff, the defendant moved and was permitted to amend his answer, and claim thereunder that the plaintiff had been overpaid, and that defendant asked and demanded judgment for whatever amount should be found to have been overpaid, with interest. That no objection was made by the plaintiff to defendant's offer to amend his answer as stated, and the amendment was therefore allowed and the answer was then and there so amended, and the plaintiff duly denied the claim of overpayment."

In April, 1865, defendant executed an assignment of his interest in the patent to the Syracuse Self-raker Company, for the sum of $25,000, the assignment, however, not to take effect until the payment of that sum. No portion thereof was paid, and thereupon defendant revoked the assignment, and in connection with certain other owners of similar patents joined in executing an assignment thereof to one Harding, which was made in September, 1866, Harding executing an instrument acknowledging that he had received the assignment in trust to grant licenses and collect royalties, and divide the same among the several assignors and himself in certain specified proportions. It was provided that the distribution of the assets was to be made as fast as received, but that out of the first pro-

ceeds before making any dividends, except to defendant, Howard should pay to plaintiff the sum of $6,000, which sum was included, as the referee found, to secure and pay the debt of defendant to plaintiff upon the note and contract in suit.

The referee upon the former trial held that upon the assignment to Harding defendant became liable to pay the $5,000, and was chargeable with interest from that time, and judgment was directed and rendered for the amount, deducting the payments. The General Term based its reversal of the judgment on the ground that the transaction with Harding was simply an appointment of him as agent for the owners of the patents, and so far as appeared it was made in good faith, and with reasonable care to protect the interests of plaintiff; that it did not make plaintiff's claim due, and did not entitle him to interest. It did not appear upon the second trial that there was any default in paying over the proceeds of licenses, etc., as fast as received, save in one instance, and the referee charged interest from the time on the amount then received. The referee found that defendant did not know how much had been paid by Harding until after the payment of October, 1874, and that the overpayment was a mistake of fact.

*W. F. Cogswell* for appellant. Defendant's right to recover for his counter-claim is to be determined by the status of the parties, when he put in his amended answer setting up the overpayment. (*Ashley* v. *Marshall,* 29 N. Y. 494, 500; *Laverty* v. *Snether,* 68 id. 522; *Stanton* v. *Jerome,* 54 id. 480–486; *Tyng* v. *Com. Warehouse Co.,* 58 id. 308; *McKnight* v. *Devlin,* 52 id. 399; *Thayer* v. *Marsh,* 75 id. 340.)

*Spencer Clinton* for respondent. Plaintiff was entitled to recover interest. (*Van Rensselaer* v. *Jewett,* 2 Comst. 135; *Livingston* v. *Miller,* 1 Kern. 80; *Adams* v. *Fort Plain Bk.,* 36 N. Y. 255.) Defendant not having directed how the payments made by him should be applied, plaintiff had a right to apply them as he chose. (*Van Rensselaer* v. *Roberts,* 4 Den. 470; *Seymour* v. *Allen,* 11 Barb. 80; *Pattison* v. *Hull,* 9

Cow. 747.) It was error to allow defendant to recover, as an alleged counter-claim, a part of the $2,500 paid, *pendente lite.* (Code, § 150; *Gage* v. *Angell,* 8 How. Pr. 335, 337; *Lemon* v. *Trull,* 13 id. 248; *Rice* v. *O'Connor,* 10 Abb. Pr. 362; *Van Valen* v. *Lapham,* 13 How. Pr. 240; *Pattison* v. *Richards,* 22 Barb. 143; *Parsons* v. *Sutton,* 66 N. Y. 96; *Hunt* v. *Chapman,* 51 id. 557.)

FOLGER, Ch. J. We concur with the learned General Term, that interest did not begin to run upon the contract, in favor of the plaintiff, either at the date of the transaction with the Syracuse company or of that with Harding and others. The reasons for that conclusion are well set forth in the opinion delivered at General Term by TALCOTT, J., on the first appeal there, and need not to be repeated.

We are constrained to differ from it, however, on the right of the defendant to a judgment for his counter-claim. It was a claim that arose out of the contract or transaction set forth in the plaintiff's complaint as the foundation of his claim, and it was also connected with the subject of the action. It fell within the first subdivision of section 150 of the old Code; it was not obnoxious to the condition stated in the second subdivision of that section, that it must exist at the commencement of the action. Being outside of that express inhibition, it was permissible to set it up in the answer, under the second subdivision of section 149 of the old Code. And if permissible to plead it, then also to prove it and insist upon it as giving right to a judgment. (§ 274, old Code.) The defendant might have been allowed by the court to make a supplemental answer alleging the fact of overpayment, as it was a fact occurring after his former answer, or one of which he was ignorant when his former pleading was made. (Old Code, § 177.) When a supplemental answer has been allowed, put in, and the allegations of it proven, any judgment to which they entitle the defendant against the plaintiff should be rendered in the defendant's favor.

We cannot regard the amendment of the answer in this

case consented to by plaintiff as other in effect than a supplemental answer allowed by the court, with all the consequences as to right to prove and right to judgment flowing therefrom. The defendant was permitted to claim by amended answer that the plaintiff had been overpaid, and to ask judgment for the amount of overpayment. No greater latitude need have been allowed by a supplemental answer. Though what was done as to the amendment is briefly stated in the appeal book, we think that it was the purpose of the parties to allow the defendant to make proof of overpayment, if he could, and take all the benefit therefrom that he could legally ask. And we think that he was entitled to judgment for the amount overpaid, under the parts of the old Code that we have cited. *Ashley* v. *Marshall* (29 N. Y. 494), as far as it goes, is in accord with this view; while the authorities cited by the learned General Term, as we read them, do not conflict. That of them which is most like the case in hand is *Van Valen* v. *Lapham* (13 How. Pr. 240); but pains are taken there to state a case of counter-claim under the second subdivision of section 150, and hence needful to have existed before the commencement of the action. The other cases did not go upon any ground found in the old Code; nor were they treated as principally affected by it.

The order of the General Term granting a new trial should be reversed, and the judgment entered upon the report of the referee affirmed.

All concur, except RAPALLO, J., absent.

Order reversed and judgment affirmed.