GUNTHER (SCHILLINGER v.). See Cases Nos. 12,456–12,458.

---

## Case No. 5,870.

### GUNTON et al. v. INGLE et al.

### [4 Cranch. C. C. 438.] [1]

### Circuit Court, District of Columbia. March Term, 1834.

PRIVATE CORPORATIONS — USURPATION OF OFFICE UNDER—INFORMATION IN NATURE OF QUO WARRANTO.

1. An information in the nature of a writ of quo warranto, may be sustained against a person usurping an office under a private corporation: but it is in the discretion of the court to grant it, or not.

2. The information must show that the office usurped is a corporate office. It must be a case in which the court would have power to impose a fine; a case in which the public is concerned, or in which the authority of the United States is contemned or abused.

3. Although an information has, in effect, become a civil proceeding, yet its form is criminal.

4. The information may be amended: and it seems, that the usurper may be amoved, and a mandamus granted to hold a new election.

[Cited in State v. Kearn, 17 R. I. 306, 22 Atl. 322, 1018.]

Upon affidavit filed, R. S. Coxe moved for a writ, in the nature of a quo warranto, against the defendants [Edward Ingle and others], to show by what authority they claim to hold the office of president and directors of "The Washington, Alexandria, and Georgetown Steam-Packet Company." The suit is brought [by W. Gunton and others] to try the validity of the election; the judges of the election not having been appointed by the president and directors, according to the provisions of the third and fourth sections of the charter. Davis' Laws D. C. 401.

Mr. Wallach, contra. It was the fault of the relators themselves, that judges were not appointed. They do not state that the new election was not authorized by the by-laws.

Mr. Coxe, in reply. If the president and directors have not done their duty, their neglect does not make the election valid.

THE COURT (THRUSTON, J., not voting,) ordered the writ to issue, returnable on the first Monday of March next. The court having permitted an information in the nature

1 [Reported by Hon. William Cranch, Chief Judge.]

of a writ of quo warranto to be filed, the defendants filed a general demurrer.

Mr. Wallach, for defendants, contended, and objected, (1) That the information does not state that the right exercised by the defendants is to an office of a public nature. King v. Shepherd, 4 Term R. 381; Lord Bruce's Case. 2 Strange, 819; King v. Mein, 3 Term R. 596; Rex v. Dawbeny, 2 Strange, 1190. (2) That the affidavit is insufficient. (3) That the information is against divers persons for divers and distinct offices. Rex v. Warlow, 2 Maule & S. 75; Rex v. Barzey, 4 Maule & S. 253.

Mr. Carlisle, contra. The information, in this case, is copied from Jac. Law Dict. which does not show that it was a public corporation. Jac. Law Dict. tit. "Quo Warranto"; Com. v. Griffith, 2 Dall. [2 U. S.] 112. It is not necessary that it should be a public franchise. In England, a rule of court must be obtained to authorize the attorney-general to file an information. Whiteham v. Jokeham [2 W. Kel. 143] Hardw. Cas. Temp. 62; Lowther's Case, 2 Ld. Raym. 1409; Lowther's Case, 1 Strange, 637. But in this country, the court leaves it entirely to the attorney-general; and in all cases where the office is created by charter, an information lies. Ang. & A. Corp. 476, 478, 480; Com. v. Arrison, 15 Serg. & R. 127; Attorney-General v. Utica Ins. Co., 2 Johns. Ch. 371; Com. v. Union Ins. Co., 5 Mass. 231; People v. Utica Ins. Co., 15 Johns. 358.

R. S. Coxe, on the same side. This is not now a question of discretion, whether the information shall be filed. It has been ordered, or received by the court; and the question is now upon the demurrer. It is not necessary to aver a charter, for a quo warranto lies to try the validity of a charter. The precedent in Rast. Ent. 540b, does not aver a charter. The affidavit on which the information was ordered, refers to the 4th section of the charter, &c. The information states that the defendant usurped the office of president of the Georgetown, Alexandria, and Washington Steam-Packet Company, (the corporate name.) The charter is a public act, and the court is bound to notice it. The writ of quo warranto was originally a criminal proceeding, but it has now become a mere civil remedy, and no more precision is required than in civil cases. It is not necessary to aver that it was the usurpation of a chartered right. In this country, there is no difference, in this respect, between a public and a private corporation. Case of Dartmouth College, 4 Wheat. [17 U. S.] 518; Smith v. Boucher, Hardw. Cas. Temp. 62; People v. Superior Court, 5 Wend. 120. As to the objection, that it is against several persons; the president and directors constitute the legislature of the corporation. They are chosen jointly. It is but one election. It is but one usurpation. If void as to one, it is void as to all.

Mr. Bradley, for defendants. Quo warranto will not lie for usurping the franchise of a

private corporation. This information is only warranted by the statute of Anne, and that applies only to municipal corporations, such as a city, a town, a borough, &c. Rex v. Nicholson, 1 Strange, 299; Rex v. Lewis, 2 Strange, 835; Ang. & A. Corp. 476. The New York case cited, is upon the New York statute, which is copied from the statute of Anne. The cases cited from Pennsylvania and Massachusetts, are not applicable, for they have no court of equity in which a remedy could be had. Where there is a court of equity, a remedy may be had by injunction. All the precedents state the rights usurped to be corporate rights, and that there was a charter. 6 Went. Pl. 62, &c.

Mr. Coxe, in reply. All the forms in Wentworth, are against private corporations.

Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.

CRANCH, Chief Judge. This is an information in the nature of a quo warranto, charging that the defendants use and exercise the office of president and directors of the Washington, Alexandria, and Georgetown Steam-Packet Company, without any warrant or lawful authority therefor, which said offices they have usurped, and still usurp to the great damage of the lawful authority of the United States. To this information the defendants demur, 1st. Because the offices, said to be usurped, are not averred to be offices of a public nature. 2d. Because the information is against divers persons, for divers and distinct offices. I am satisfied that an information may be sustained at the relation of a private person against a person usurping an office under a private corporation; that it is in the discretion of the court to allow, or to refuse to allow such an information to be filed. I am also of opinion that, in the present case, the information is defective in not showing that the offices exercised by the defendants, are corporate offices. They may be offices held under a company, or limited partnership assuming to itself the name of the Washington, Alexandria and Georgetown Steam-Packet Company. There was once a private association bearing that name; and, for any thing that appears to the contrary in this information, it may still exist, and be the company named therein. Every thing averred in the information may be true, and yet the court may have no authority to interfere by an information in the name of the United States. It must be a case in which the court would have power to impose a fine. It must be a case in which the public is concerned, or in which the authority of the United States is contemned or abused. For although an information in such cases has become, in effect, a civil proceeding, yet its form is criminal, and indicates that the cases in which it may be used, are such as directly or indirectly concern the public. But I think it is competent for the relator, with the leave of the

court, to amend the information. If the information should be amended, and the court should be of opinion that the election of the defendants to the offices they claim was illegal, I think they may be amoved, and a mandamus awarded to the president and directors to hold a new election.

See, also, 2 Barn. & Adol. 485; 10 Johns. 496; Doug. 524.