CONTINENTAL C. & I. CO. *v.* VINAL.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

MALICIOUS PROSECUTION—AMENDED COMPLAINT—ALLEGING TERMINATION OF MALICIOUS ACTION.

In an action for malicious prosecution, plaintiff alleged that defendant sued plaintiff in a United States court; that the court directed a verdict for this plaintiff,

which still stands. Defendant alleged that, after the verdict, a motion was made for a new trial, and no judgment entered on the verdict, but the action was still pending. *Held,* that plaintiff could not serve a supplemental complaint alleging that, since beginning this action, the motion for a new trial had been determined, and a judgment entered on the verdict.

Appeal from special term, New York county.

Action for malicious prosecution, brought by the Continental Construction & Improvement Company against Quincy A. Vinal. From an order granting leave to file a supplemental complaint, defendant appealed.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*E. Winslow Paige,* for appellant. *Thomas H. Hubbard,* for respondent.

BARTLETT, J. This is an action for malicious prosecution. In respect to the termination of the case alleged to have been maliciously prosecuted, the original complaint averred that it was brought in the circuit court of the United States for the Northern district of New York, in March, 1886; and that after the proofs of Quincy A. Vinal, the plaintiff therein, had been heard, "the said circuit court, upon said proofs, directed the jury to render a verdict for the defendant, and the jury rendered a verdict according to said direction, which said verdict still stands." The answer to the original complaint averred, among other things, that, after the rendition of the verdict aforesaid, the circuit court of the United States gave the defendant herein, as plaintiff in that action, 60 days to make a case and exceptions, and stayed all proceedings in the mean time, and that subsequently the bill of exceptions was duly settled, signed, and filed, and that no judgment had ever been entered after the verdict, but that the action in the circuit court was, at the time of the commencement of this suit, still pending and undetermined. By its supplemental complaint, which the special term has allowed the respondent to serve, it alleges, in substance, that, since the commencement of this action, the motion for a new trial in the circuit court case has been denied, and that final judgment against Quincy A. Vinal has been entered therein, which judgment still stands. It is plain that, unless the suit in the circuit court of the United States is to be regarded as having been terminated by the verdict which was directed therein, there was no cause of action stated in the original complaint in this case. On the other hand, if that verdict did terminate the suit, then the additional averments as to the subsequent denial of a motion for a new trial, and entry of judgment thereafter, are wholly unnecessary to sustain the plaintiff's case herein. In *Trust Co.* v. *Telegraph Co.,* decided by this court in January last, we held that a party did not have the right, by a supplemental complaint, to establish a cause of action when none existed at the time of the commencement of the suit. Without expressing any opinion, upon the present appeal, as to whether the additional averments of this supplemental complaint are essential to enable the plaintiff to maintain the action, we are clear that they are neither necessary nor material except for that purpose. Reference is made to the provision of the Code (section 544) which permits a party to set up, in a supplemental pleading, "the judgment or decree of a competent court rendered after the commencement of the action, determining the matters in controversy, or a part thereof." The judgment or decree thus mentioned is an adjudication upon the same, or some of the same, issues as those involved in the particular suit wherein the supplemental pleading is served; not an adjudication which merely determines other matters affecting one of the parties.

We think the plaintiff must succeed or fail in this action upon his original complaint, and the order appealed from should therefore be reversed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.