## CORRIGAN *v.* RITTER.

*(Supreme Court, Special Term, Erie County.   June 8, 1891.)*

:1. SET-OFF AND COUNTER CLAIM—INDEPENDENT CAUSE OF ACTION.

    After the answer had been served in an action for breach of a contract by which defendant agreed to put two boilers on plaintiff's steam-boat, the parties entered into a new contract, by which defendant was to take out the boilers which had been put in under the first contract, and was to put in new boilers, and, on the performance of this according to the terms of the new contract, the action was to be discontinued. *Held*, that a claim for labor performed and materials furnished by defendant, at plaintiff's request, for repairs to the steam-boat, in addition to those required under the new contract, was not "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," so as to constitute a counter-claim, under Code Civil Proc. N. Y. § 501, subd. 1, but was a cause of action on another contract, within section 501, subd. 2, and, as it did not exist "at the commencement of the action," it could not be set up as a counter-claim by supplemental answer.

·2. SAME—TRANSACTION ALLEGED IN COMPLAINT.

    Defendant's claim that the second contract had been fully performed, whereby plaintiff's cause of action was extinguished, arises "out of the contract or transaction set forth in the complaint, "(Code Civil Proc. N. Y. § 501, subd. 1,) and may be set up as a counter-claim by a supplemental answer.

Action by John Corrigan against Margaret Ritter. Defendant moves for leave to serve a supplemental answer.

*Clinton, Clark & Ingram,* for plaintiff. *Calkins & Forsythe,* for de-·fendant.

WARD, J. This action was commenced October 18, 1888, to recover damages sustained by the plaintiff on account of an alleged breach by the defendant of a contract whereby she was to construct two marine boilers, and put them on board of the steamer Aurora, a propeller navigating the Great Lakes, and .also for damages sustained by the plaintiff caused by the detention of the steamer in consequence of the boilers not being put in as provided by the .contract. About December 8, 1888, the defendant served her answer, deny-

ing the complaint, and setting up a counter-claim for $1,700, alleged to be the balance due upon the purchase price of the boilers. Afterwards a new contract was entered into between the parties, whereby the defendant was to take out of the steamer the two boilers put in by her, (which had been put in under the first contract,) and which new contract is set forth in the supplemental answer proposed, and made a part of the motion papers, and it was provided in said new contract that, if the new boilers were constructed in accordance with the terms of the new contract, the parties hereto should discontinue without costs this action; defendant alleging that the said contract had been performed on her part, and had in effect extinguished the cause of action set forth in the complaint. The proposed supplemental answer contains another defense, viz.: That after the service of the original answer herein, and subsequent to the 13th day of February, 1889, the defendant, at the special instance and request of the plaintiff, performed work, labor, and services, and furnished materials which were used in and about the works and repairs of the said steamer Aurora, which work, labor, services, and materials, were in addition to those required to be performed and furnished by the defendant under said new contract, and were reasonably worth the sum of $478.82, no part of which had been paid, etc., and which was due and unpaid; and the defendant demanded judgment for the said sum, and alleged the same as a counter-claim. These two answers were separately stated in the proposed supplemental answer.

The difficulty upon this motion arises upon that branch of it which asks leave to serve as a supplemental answer the counter-claim above referred to. If this counter-claim may be regarded as "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," as provided in the first subdivision of section 501 of the Code of Civil Procedure, then, under the authority of the case of *Howard* v. *Johnston*, 82 N. Y. 271, the court would be authorized to permit this answer to be interposed. If it does not come within the scope of that subdivision of the Code, but rather comes within the second subdivision of that section, which defines a counter-claim as arising also "in an action on contract, any other cause of action on contract existing at the commencement of the action," it cannot be interposed, because it did not exist at the commencement of the action. *Bostwick* v. *Menck*, 4 Daly, 68; *Tiffany* v. *Bowerman*, 2 Hun, 643; *Farmers' Loan & Trust Co.* v. *United Lines Tel. Co.*, 14 Civil Proc. R. 187; *Improvement Co.* v. *Vinal*, 1 N. Y. Supp. 200; *Bull* v. *Rothschild*, 4 N. Y. Supp. 826; *Staunton* v. *Swann*, 10 Civil Proc. R. 12.

It is alleged in the answer embracing the counter-claim that the amount sought to be counter-claimed was for work, labor, services, and materials, in addition to those required to be performed or furnished by the contract, and were reasonably worth, etc. So that this claim was for extra work done and materials furnished by the defendant for the plaintiff, and not embraced in the contract, or connected with the subject of action set forth in the complaint; and, had an action been brought thereon, it would have been simply one for *quantum meruit* or an implied *assumpsit*, and clearly comes within the second subdivision of section 501 of the Code, and is therefore not such a matter as can be counter-claimed in this action. The motion to serve a supplemental answer is granted as to the first answer set forth in the proposed supplemental answer, but denied as to the second answer set forth therein, being the answer alleging the counter-claim, without motion costs to either party.