JAMES HAMLIN V. THE KANSAS RAILWAY COMPANY.

No. 14,479.    (85 Pac. 602.)

SYLLABUS BY THE COURT.

RAILROADS—*Failure to Complete a Track—Forfeiture of Right of Way.* A court cannot say as a matter of law that the mere failure of a railroad company for any fixed period to complete a track upon a right of way which it has acquired by condemnation works a forfeiture of its rights, where there has been no adverse possession.

Error from Wilson district court; LEANDER STILL-WELL, judge. Opinion filed May 12, 1906. Affirmed.

*Mikesell & Wilson*, for plaintiff in error.

*A. M. Harvey*, and *T. J. Hudson*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: In 1882 the Kansas Railway Company condemned a right of way across Wilson county. A grade was constructed, but no track was ever laid. In 1903 James Hamlin, as owner of the fee of a portion of the tract so appropriated, brought a suit to quiet title against the railway company, upon the ground that whatever rights it had acquired with respect thereto had been forfeited. A trial was had upon oral evidence, a part of which tended strongly to show an abandonment by the company and a part of which had some tendency to the contrary. The court decided in

favor of the defendant, and the plaintiff prosecutes error. No special findings were made and it is impossible for this court to know upon what view of the facts the decision was based. The judgment must therefore be affirmed unless it can be said that the mere fact that no railroad was ever completed compelled a different result.

It may be assumed that there was no adverse possession by the plaintiff, for the evidence does not conclusively show it. Where there is no adverse possession non-user does not of itself work an extinguishment of the company's right. (23 A. & E. Encycl. of L. 705.) Of course the legislature might have provided that a failure to complete a railroad within a stated time should have that effect, but no claim is made that the Kansas statute is to be construed as fixing such a limit. In the absence of a statutory limitation, a court cannot say as a matter of law that, irrespective of all other considerations, the mere failure of the company to complete its track within any fixed period operates as an extinguishment of all rights acquired by the condemnation proceedings. (3 Ell. Rlds. § 931; *Nicomen Boom Co. v. North Shore etc. Co.,* 40 Wash. 315, 82 Pac. 412, and cases there cited.)

It results that the judgment must be affirmed, and it is so ordered.

All the Justices concurring.