F. T. CALEY v. C. C. MILLS *et al., as Partners, etc.*

No. 15,425.   (100 Pac. 69.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Anticipatory Breach—Damages.* Where a party to an agreement for the sale of personal property, before the time for performance arrives, expressly refuses to perform it, the promisee may treat such renunciation as a breach and at once bring an action therefor.

2. —— *Refusal to Perform — Evidence — Conclusiveness of Findings.* The finding of the jury that a party did so refuse to perform his agreement, if sustained by competent evidence and approved by the district court, can not be set aside in this court merely because there was evidence to the contrary.

3. VARIANCE—*Immaterial Error.* A judgment can not be reversed for an immaterial variance between the pleading and the proof which has not misled the complaining party to his prejudice.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed February 6, 1909. Affirmed.

*W. R. Hopkins,* and *R. J. Hopkins,* for plaintiff in error.

*George Getty,* for defendants in error.

The opinion of the court was delivered by

BENSON, J.: This was an action brought by C. C. Mills and others against F. T. Caley for damages for failure to deliver cattle as agreed. Mr. Caley offered

Caley v. Mills.

to sell to plaintiffs '193 cows and 100 two-year-old steers, at certain prices per hundred weight. The cows were in one corral and the steers in another, on a ranch in Stanton county. The defendant was to take out fifteen of the steers and the plaintiffs were then to select 100 out of those that were left, and were also to select the cows from a larger number in the corral. The selection was made by the plaintiffs and their employees, Mr. Caley being present. The cattle so selected were placed in an enclosure and were to be delivered by the defendant at Syracuse the next day, where they were to be weighed and paid for. The next morning, however, it was discovered that the enclosure had been opened during the night, and the cattle, or part of them, had returned to the pasture with the defendant's herd. The plaintiffs proposed again to cut out the cattle, but the defendant objected, saying that he must go to Colorado, and finally, as the evidence of the plaintiffs tends to show, refused to deliver the cattle.

It appears that twenty-five or thirty of the steers that had been selected were yearlings, and the defendant claims that he objected to delivering the cattle for that reason, and that he refused to deliver the yearlings in any event. The plaintiffs, about midnight of October 27, the day the delivery was to have been made, filed their petition in this action, and the summons was issued and served two or three days later. In his answer, after a general denial, the defendant admitted the agreement to sell the cattle, but alleged that the plaintiffs cut out twenty-five or thirty yearling steers, which they were not entitled to under the agreement; that he had never delivered any of the cattle; and that no payment had ever been made thereon.

On the trial the main contentions were concerning the plaintiffs' right to the yearling steers, the defendant's refusal to perform the contract, and the question of damages. Concerning the first question the court

instructed the jury that if they found the contract was that the plaintiffs were to receive only two-year-old steers, and that the steers cut out were not two years old, the defendant would not be bound, unless he knew at the time they were cut out that they were not two years old and failed to object at that time or at the first reasonable opportunity afterward, but acquiesced in the selection, or unless the contract was modified by mutual agreement to the effect that the plaintiffs might make their selection from all the steers left in the corral, including the yearlings. The abstract does not contain the instructions in full, but it must be presumed that the court fairly submitted to the jury the question of fact whether the defendant refused to comply with the contract. The jury in answer to special questions found the value per hundred pounds of the cattle at Syracuse on or about the 27th day of October, 1904, and allowed as damages the difference between that value and the contract price, and returned a general verdict for the plaintiffs accordingly.

The defendant now claims that the action was prematurely brought. This question does not appear to have been presented to the district court in any other manner than by a general objection to any testimony under the petition. It is true that the petition alleged that the cattle were to be delivered on October 27, 1904, and that the petition was filed on that day. It may also be conceded that the defendant had all of that day in which to perform his contract, but if he repudiated the contract and absolutely refused to perform it the plaintiffs were not obliged to wait until the expiration of the full time before bringing their action for damages. If a party disables himself from performing his contract, or before the time for performance arrives expressly renounces it, the promisee may treat this as a breach and at once bring an action therefor. (1 Cyc. 742.)

"Where one party to a contract gives notice of his

intention not to perform, the other is justified in treating such action as an anticipatory breach, and may sue for damages, without waiting for the time of performance to arrive, or making a tender of performance." (*Roehm v. Horst,* 91 Fed. 345, syllabus, 33 C. C. A. 550.)

(See, also, *Fox v. Kitton,* 19 Ill. 519; *McCormick v. Basal,* 46 Iowa, 235; *Windmuller et al. v. Pope et al.,* 107 N. Y. 674, 14 N. E. 436; *Mfg. Co. v. McCord,* 65 Mo. App. 507.)

The plaintiffs offered to give a check for $300 in part payment for the cattle at the time of the selection, which was refused by the defendant on the ground that he preferred to have the consideration paid in full at one time. It is now claimed that the plaintiffs were in default for not tendering payment for the cattle. Such tender was unnecessary after the defendant had refused to deliver them.

"Where one party by his acts renders a tender useless and foolish, the other party is not required to make the tender." (*Chinn v. Bretches,* 42 Kan. 316 [syllabus], 22 Pac. 426.)

In the opinion in the foregoing case it was said:

"From the evidence it may fairly be inferred that the defendant was not willing to perform his part of the contract anywhere or at any time; and that his refusal to permit the plaintiffs to have further charge of the machinery was a refusal to fulfil the contract on his part, and such refusal was a sufficient waiver of all acts of tender on the part of the plaintiffs." (Page 319.)

We think this principle fairly applicable to the facts of this case as found by the jury. While there was a conflict in the evidence concerning the refusal of the defendant to perform the contract, the finding of the jury establishes that fact.

The defendant objected to the allowance of damages because the petition alleged that the steers were to be two years old, and a part of those selected were year-

lings. If the defendant, being present, acquiesced in the selection of a number of yearlings in place of two-year-old steers specified in the agreement, in the manner suggested in the instructions, he has no cause of complaint merely because the petition recited an agreement for the delivery of two-year-old steers. By his consent yearlings were substituted in part. While he denied that he consented to such substitution, the verdict of the jury determined the fact.

The defendant complains that the recovery in this case is for a larger amount than the petition warrants. The petition alleged much more than was necessary to state a cause of action for breach of the contract sued upon. After alleging that the cows were purchased for $1.85 and the steers for $2.25 per hundred pounds, the petition stated that the cows were worth $2.25 and the steers $3.25 for each hundred pounds. The plaintiffs offered evidence tending to show that the cows were of the value of $2.30 and the steers $3.30 per hundred pounds, and from the amount of recovery it seems that the jury found that these were the true values. The petition, however, contained the following: "That by reason of the defendant's failure to perform the said agreement the plaintiffs have been damaged in the sum of $1000." The amount of recovery being less than the damages thus averred, the statement of values per hundred pounds given in the petition was immaterial. If this was a variance between the allegations and the proof an amendment of the petition, had it been asked for, would have been allowed to conform it to the facts proved, and in such a case the judgment can not be reversed for such immaterial variance. (Civ. Code, § 133-135; *Mo. Valley R. R. Co. v. Caldwell*, 8 Kan. 244.)

The defendant asked for an instruction to the effect that the plaintiffs could not recover unless the jury found that a sale was completed and a delivery made, and that an offer to sell and an agreement to purchase without delivery or payment were insufficient. This

is a misconception of the action, which was for the breach of a contract to sell and deliver the cattle. If the delivery had been made no cause of action would have accrued.

The defendant complains of the refusal of the court to submit certain special questions to the jury, but upon an examination we find that none of them is material to the issue. The rule of damages appears to have been correctly stated, and the evidence offered on that subject was competent.

We find no error in the proceedings, and the judgment is affirmed.