GEORGE W. BROWN, *Appellee*, v. J. A. STUART et al., *Appellants.*

No. 18,314.

W. P. HASKIN et al., *Appellees*, v. J. A. STUART et al., *Appellants.*

No. 18,315.

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Property Subject to Jurisdiction of One Court —Court of Concurrent Jurisdiction May Determine Controversies over Same Property.* The rule that where property is in the possession and subject to the jurisdiction of one court another court of concurrent jurisdiction can not interfere with the possession, merely operates to protect the immediate possession of the first court, and does not deprive another court of jurisdiction to determine controversies over the same property.

2. —— *Cancellation of Deed—Foreclosure of Mortgage.* The jurisdiction of a state court in a suit to cancel a deed conveying to a railroad company land for use as a right of way is not ousted by the pendency of a former suit in a federal court to foreclose a mortgage given by the railroad company on its right of way.

3. CANCELLATION OF DEED—*Right of Way—Breach of Condition.* Under the facts of this case it is held that the long-continued failure of the railroad company to commence the construction of its road constituted a breach of a condition in the deed providing that if the land shall cease to be used for the purposes of a right of way it should revert to the grantors.

Appeals from Johnson district court. Opinion filed July 5, 1913. Affirmed.

*John T. Little,* and *C. B. Little,* both of Olathe, for the appellants.

*J. W. Parker,* of Olathe, for the appellees.

The opinion of the court was delivered by

PORTER, J.: These are suits brought to forfeit and set aside deeds made to defendant The Kansas City and Olathe Electric Railway Company on the ground

of the failure of the company to construct the road. At the time they were commenced, December 26, 1906, a suit was pending in the circuit court of the United States, brought by a trust company to foreclose a mortgage given by the railway company upon all its property, including its right of way. Judgment of foreclosure had been entered and the property was sold on December 17, 1906, under an order of that court. The sale was not confirmed until January 2, 1907, which was seven days after these suits were commenced in the district court. J. A. Stuart, who purchased at the master's sale, was joined as a defendant. On September 26, 1907, he filed motions to dismiss on the ground that the court had no jurisdiction because of the pendency of the foreclosure suit when these actions were begun. The motions were overruled. Afterwards supplemental petitions were filed alleging that Stuart claimed an interest in the property as successor in interest to the Kansas City and Olathe Railway Company. The defendants answered setting forth the pendency of the former action and also denied generally the averments of the petitions. The district court found for the plaintiffs and canceled the right of way deeds. From the judgments defendants have appealed, and still contend that the court was without jurisdiction; further that the judgments are not sustained by the evidence.

In the first place, defendants are in no worse position than if the suits had been dismissed and new ones instituted. Every defense open to them on the merits has been preserved. It is wholly within the sound discretion of the court to permit the filing of supplemental petitions. (Civ. Code, § 45; *Dreilling v. National Bank,* 43 Kan. 197, 23 Pac. 94.) The question of jurisdiction was first raised by motions filed September 26, 1907, long after the termination of the former suit. There was no attempt in these suits to interfere with the actual or constructive possession of the property by the federal court. The rule that one court of concurrent

jurisdiction can not interfere with property in the possession of another has no application.

"Nor does the rule oust the jurisdiction of all other courts to determine the same controversy, so far as they may rightfully do so,- but only operates to protect the immediate possession of the first court." (11 Cyc. 988.)

The plaintiffs were not parties to the action in the federal court, and moreover, aside from the rule mentioned, there was nothing in the former action to prevent the state court from acquiring jurisdiction of the parties and the subject matter involved here.

"The pendency of a suit in a State court is no ground even for a plea in abatement to a suit upon the same matter in a Federal court." (*Gordon v. Gilfoil,* 99 U. S. 168, 178, 25 L. ed. 383.)

The rule works both ways. The defendants might have been willing to litigate in the state court the questions involved in these actions. Moreover, the former suit had terminated before these suits came to trial.

"According to the later cases, the objection of a former suit pending is removed by its dismissal or discontinuance, even after plea in abatement in the second suit. . . . A dismissal or discontinuance of the former action at any time before the question as to its pendency actually comes before the court for trial removes the bar." (Note, 1 Encycl. Pl. & Pr. 756.)

The condition in both deeds was:

"This grant is for the purpose only of a right of way for an electric railway, and if it shall cease to be used for that purpose it shall revert to the said grantors and their assigns."

The trial court upon the evidence found among other facts:

"The defendants or the present owners of said railway have no intention of immediately constructing the road over the land in question, and they have no time in the future set for the construction of said road, and no future time fixed within which they intend to com-

mence the construction of said road, and the delay in the construction of said road is an unreasonable delay."

The conclusions of the law were as follows:

"1. The plaintiff is entitled to have the deed in suit forfeited and set aside, by reason of the unreasonable delay in the construction of said road, and the same is set aside.

"2. The defendants should have the privilege of removing from said right of way the fences and poles placed there by the defendants and are given 90 days to remove the same."

The cases were not tried until 1911. Eight years had elapsed since the deeds were executed; and shortly before trial other supplemental petitions were filed by leave of court, setting up the continued delays. While the court found that the defendants had not, as alleged in the petitions, abandoned the intention to construct the road at some time in the future, the long-continued failure to begin construction amounted to a breach of the conditions of the deeds and entitled plaintiff to the relief prayed for. We think the judgments are sustained by the evidence and findings. While the specific grounds alleged for the cancellation of the deeds was the abandonment of the intention to construct the road, proof showing a failure for so long a period to begin construction was well within the issues, and constituted a breach of the conditions mentioned in the deeds.

In *Hamlin v. Railway Co.*, 73 Kan. 565, 85 Pac. 602, it was held that the court can not say as a matter of law that the mere failure to build the road for any fixed period works a forfeiture of all rights acquired by condemnation for a right of way. That was an action to quiet title brought by the owners. These are suits to cancel deeds for failure to comply with certain conditions, and the court has found against the railway company.

The judgments are affirmed.