## READER v. FARRISS.

No. 7575.    Opinion Filed December 7, 1915.

(153 Pac. 678.)

1.    **QUO WARRANTO—Right of Action—Possession of Office. Quo warranto,** or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or who has never been admitted thereto.

2.    **PLEADING—"Supplemental Petition"—Right to File.** If, on the facts stated in the petition, no cause of action exists against the defendant, and no relief can be granted against him on those facts, subsequently occurring facts cannot be made a part of the plaintiff's case, and he will not be permitted to file a supplemental petition alleging such additional facts to enable him to maintain the action which he has instituted, as the office of a supplemental complaint is not to supply facts which, being necessary to the maintenance of the action, have been omitted from the original complaint, but is to bring into the record new facts which will enlarge or change the kind of relief to which the plaintiff is entitled, and enable the court to render a final judgment upon the facts existing at the time of its rendition.

3.    **PLEADING—Defective Petition—Cure by Supplemental Petition.** If the cause of action which it was sought to enforce by the original petition did not exist at the time when that pleading was filed, it cannot be created, cured, or aided by matters subsequently occurring and set up in a supplemental petition.
(Syllabus by the Court.)
Sharp, J., dissenting.

*Error from District Court, McClain County;*
*W. M. Bowles, Assigned Judge.*

Action in the nature of *quo warranto* by Frank Far-riss against Mark Reader. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

See, also, *Farriss v. Reader, post,* 153 Pac. 682.

*Nagle & Reynolds,* for plaintiff in error.

*Dorset Carter* and *Franklin & Mauldin,* for defendant in error.

KANE, C. J. This was an action in the nature of *quo warranto,* commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of trying the title to the office of sheriff of McClain county. The parties hereafter will be designated "plaintiff" and "defendant," respectively, as they appeared below.

It seems that the parties were rival candidates for the office of sheriff at the election held in November, 1914, and that the cerificate of election was issued to the defendant, who was the Socialist candidate; whereupon this *quo warranto* proceeding was instituted by the plaintiff, who was the Democratic candidate, prior to the time either of the candidates was entitled to or had taken possession of the office. After a motion to strike the petition on the ground that it was prematurely filed was overruled, the defendant continued to save the question raised by his motion to strike, but finally issues, both of law and fact, were joined, and the cause was duly set for trial at a date subsequent to that on which the defendant had taken the oath of office and entered upon the duties of his office as sheriff. Upon the cause being called for trial, the defendant again objected to any further action therein, upon the ground that it was prematurely commenced, whereupon the court, without requiring any previous

notice to the defendant or making any terms as to costs, granted leave to file instanter a supplemental petition alleging, in effect, that subsequent to filing his original petition the defendant entered into actual possession of the office, and is now performing the duties thereof. The trial court also entered an order requiring the defendant to file his answer to the supplemental petition within 24 hours. At the expiration of the 24-hour period the court overruled a motion for a continuance filed by the defendant, and upon his refusal to answer the supplemental petition, ordered that his answer to the original petition be refiled as an answer to the supplemental petition, to all of which the defendant objected and excepted. Upon the trial to the court which immediately followed there was judgment to the effect that neither party was entitled to the office of sheriff, and the same was declared vacant, whereupon both parties instituted separate proceedings in error for the purpose of reviewing the action of the trial court.

In view of the conclusion reached by the court, the foregoing statement is sufficient to present all questions necessary for a review. The plaintiff in error contends: (1) That the petition was prematurely filed; (2) that, inasmuch as no cause of action existed in favor of the plaintiff, and no relief could be granted on the facts stated in the original petition, the subsequently occurring facts could not have been material to the plaintiff's case, and therefore it was error to permit him to file a supplemental petition setting up such additional facts to enable him to maintain his action. We are of the opinion that both these contentions are well founded. In a very early case, *R. v. Whitewell,* 5 T. R. 85, Mr. Justice Buller said:

"No instance has been produced where the court has granted an information in nature of *quo warranto*, where the party against whom it was applied for has not been in actual possession of the office."

The same may be said today. From that time to this an unbroken line of authorities, both in England and this country, are to the same effect.

The prevailing modern rule is stated in 17 A. & E. Enc. Pl. & Pr. 407, where the authorities are collected, as follows:

"*Quo warranto*, or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or who has never been admitted thereto."

This proposition, however, is not seriously disputed by counsel for the plaintiff, but they take their stand more firmly upon the second, and insist that, if the original petition was immaturely filed, then that matter was cured by the filing of the defendant's supplemental petition, which, they say, was pursuant to section 4795, Rev. Laws 1910, which provides:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

In support of this position they cite several Kansas and one Iowa case, which states, it seems, have similar statutes. *Williams v. Moorehead et al.*, 33 Kan. 609, 7 Pac. 226, *Simpson v. Bose*, 31 Kan. 227, *Flint v. Dulaney*, 37 Kan. 332, 15 Pac. 208; *Gribben v. Clement*, 141 Iowa, 144 119 N. W. 596, 133 Am. St. Rep. 157. We have examined these cases, and are of the

opinion that in the Kansas cases cited the statute is properly construed and applied, but we do not believe the cases are in point. There seems to be some confusion in the Iowa cases touching the question. If the case from that state cited by counsel for the defendant can be said to be an authority supporting his contention, it is difficult to reconcile it with *Dennison v. Soper et al.*, 33 Iowa, 183, and *Zalesky v. Home Ins. Co.*, 102 Iowa, 613, 71 N. W. 566, which seem to support a contrary view.

Undoubtedly, the general rule governing the right to file supplemental pleadings is as follows:

"If, on the facts stated in the complaint, no cause of action exists against the defendant, and no relief can be granted against him on those facts, subsequently occurring facts cannot be made a part of the plaintiff's case, and he will not be permitted to file a supplemental petition alleging such additional facts to enable him to maintain the action which he has instituted, as the office of a supplemental complaint is not to supply facts which, being necessary to the maintenance of the action, have been omitted from the original complaint, but is to bring into the record new facts which will enlarge or change the kind of relief to which the plaintiff is entitled, and enable the court to render a final judgment upon the facts existing at the time of its rendition."

This text, which is taken from 21 Enc. Pl. & Pr. 18, is supported by a great array of authorities, among which we find the case of *Rogers v. Hodgson*, 46 Kan. 276, 26 Pac. 732. This was an action to recover upon a promissory note and to foreclose a mortgage which was given to secure the same. By a supplemental petition the plaintiff undertook to allege such defaults as would entitle him to recover 12 per cent. interest from the date of the mortgage, instead of the 7 per cent. rate stipulated therein,

which the the trial court refused to permit him to file. This ruling was not disturbed on appeal; the Supreme Court holding that the record did not disclose any abuse of discretion on the part of the trial court. Mr. Justice Johnson, who delivered the opinion for the court, stated, however, that the trial court would have been warranted in allowing the supplemental petition to be filed, alleging additional defaults which would have entitled the plaintiff to recover a greater amount, but he also further says that:

"If there had been no default before the commencement of the action, the plaintiff would hardly be entitled to enlarge his action by a supplemental petition setting forth subsequent defaults or grounds of forfeiture which did not exist at the commencement of the suit."

The quoted portion of the opinion supports the text. This was the prevailing rule in Kansas for a long time prior to the time we adopted our statute governing supplemental pleadings from that state. In another somewhat analogous Kansas case, *Brown v. Galina M. & S. Co.*, 32 Kan. 528, 4 Pac. 1013, it was held:

"The pleadings all relate to the time of the commencement of the suit, the same as if filed at that time, and the rights of the parties are to be determined as they existed when suit was commenced. An amended petition in a suit stands in the place of and as a substitute for the original petition, which is superseded by it, and must be based on the facts and causes of action as they existed at the time the original petition was filed; and, if a right of action did not exist when the original petition was filed, one cannot be created by filing an amended petition."

It seems perfectly reasonable and logical to us that, if the cause of action which it was sought to enforce by the original petition did not exist at the time that pleading was filed, it cannot be created, cured, or aided by mat-

ters subsequently occurring and set up in a supplemental petition. By the terms of the statute the facts alleged must be "material to the case," clearly indicating that they must relate to a cause of action which had previously accrued, and be pertinent to the rights or liabilities of the parties connected with that cause of action. A few cases in addition to those hereinbefore cited holding to this effect are *Cont. Const. Co. v. Vinal,* 48 Hun. 620, 1 N. Y. Supp. 200 (Sup. Ct. Gen. T.) ; *Bostwick v. Menck,* 4 Daly (N. Y) 68; *Farmers' L. & T. Co. v. U. S. Lines Tel. Co.,* 47 Hun. (N. Y.) 315; *Mitchell v. Taylor,* 27 Or. 377, 41 Pac. 119; *Meyer v. Berlandi,* 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 Am. St. Rep. 663; *Smith v. McGaughey,* 13 Tex. 464; *Orton v. Noonan,* 29 Wis. 541; *Hill v. Den,* 121 Cal. 42, 53 Pac. 642; *Barker v. Prizer.* 150 Ind. 4, 48 N. E. 4.

It is probable that if the court had required the plaintiff to give the notice and make reasonable terms as to costs, as required by the statute, and allowed the defendant such a reasonable time to answer the supplemental petition and get ready for trial as to make it appear that h.s action did not result in a miscarriage of justice, or deprive the defendar⁺ of any substantial constitutional or statutory right, the court would be justified in applying the harmless error statute (section 6005, Rev. Laws 1910). But such is not the case, and no useful purpose would be subserved by further speculating on what might have been.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to take such further proceedings therein not inconsistent with this opinion as it may deem proper.

All of the Justices concur, except SHARP, J., who delivers an opinion expressing his views.

SHARP, J. (dissenting). With the rule that *quo warranto*, or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or who has never been admitted thereto, I have no disposition to take issue. By section 4919, Rev. Laws 1910, the writ of *quo warranto* and proceedings by information in the nature of *quo warranto* are abolished, but it is there provided that the remedies theretofore obtainable in those forms may be had by a civil action, and, as held in *Newhouse v. Alexander,* 27 Okla. 46, 110 Pac. 1121, 30 L. R. A. (N. S.) 602, Ann. Cas. 1912B, 674, permits a private person to contest with another private person the right or title to a public office. The remedy afforded being that of a civil action, under the statute the pleadings in such an action are governed in general by the rules applicable to pleadings in ordinary civil actions. 32 Cyc. 1447. Statutes relating to amendments in civil suits are generally held applicable to *quo warranto,* or to a proceeding in the nature thereof. *Commonwealth v. Commercial Bank,* 28 Pa. 386; *State ex rel. Ballard v. Greene,* 87 Vt. 94, 88 Atl. 515; *State v. Gleason,* 12 Fla. 190; *West End v. State ex rel. O'Leary,* 138 Ala. 295, 36 South. 423; *Hinze v. People ex rel. Halbert,* 92 Ill. 406; *Kelly v. State ex rel. Kierskey,* 79 Miss. 168, 30 South. 49; *Gunton v. Ingle,* 4 Cranch, C. C. 438, Fed. Cas. No. 5,870; High Extraordinary Legal Remedies, sec. 737; Spelling, Injunctions and Extraordinary Remedies, sec. 1856.

The right of the plaintiff to file an amended petition in a proceeding in the nature of *quo warranto,* for the

same reason, in proper cases, would afford the right to file supplemental pleadings, as authorized by section 4795, Rev. Laws 1910. The only material change found in the supplemental petition from that contained in the original petition is the allegation that on the 4th day of January, 1915, the defendant qualified and took possession of the office of sheriff, and was continuing to exercise the authority of that office conferred upon him by law. Defendant's entrance into office was pursuant to the certificate of election issued to him by the county election board of McClain county November 6, 1914. The statute, as we construe it, makes the filing of supplemental pleadings a matter of discretion with the trial court. This discretion was exercised in favor of the plaintiff, by permitting him to file the supplemental petition. In *Smith v. Smith*, 22 Kan. 699, in an opinion by Judge Brewer, the application for leave to file a supplemental petition was denied, and the question presented was whether reversible error had been committed. It is said in the opinion:

"We do not understand that a party may commence suit before a cause of action accrues, and then, after it accrues, as a matter of right, file a supplemental petition alleging the facts showing this. A party may not sue on a note two months before it matures, and then upon maturity demand, as a right, the filing of a supplemental petition showing the maturity. We do not mean that a court may not allow this, or that it may never be done; but it is not a matter of right."

In *State ex rel. Dawson v. Railroad Companies*, 85 Kan. 649, 118 Pac. 872, it was urged that the action had been prematurely brought, for the reason that the defendants had 87 days remaining in which to comply with the order in question, and hence it was impossible for them to have already failed to obey. It was held that the allega-

tions of the petition fairly showed a present determination not to perform, and that the defendants expressed no willingness to obey the order when sued, but contested its validity, and under the circumstances the action was not premature. It was said that the 90 days allowed by the statute for compliance with the order of the board of railroad commissioners—

" * * * has now long since passed, and the defendants still refuse performance, and undertake to justify their course by the contention that the order is invalid."

And, further, that:

"A peremptory writ commanding such compliance at this time ought not to be withheld on the ground that, when the matter was first brought to the attention of the court, it was still possible for the defendants to obey the order within the statutory period. Even an ordinary civil action brought before the plaintiff's right has fully matured may be proceeded with, in the discretion of the court, upon the filing of a supplemental pleading (*Smith v. Smith*, 22 Kan. 699, 703; *King v. Hyatt*, 51 Kan. 504, 32 Pac. 1105 [37 Am. St. Rep. 304]), and an action for damages for breach of contract may be maintained before the arrival of the time for its performance where its obligation is denied. (*Caley v. Mills*, 79 Kan. 418, 100 Pac. 69)."

In *Brown v. Stuart*, 90 Kan. 302, 133 Pac. 725, it was held to be wholly within the sound discretion of the court to permit the filing of a supplemental petition; while in *Atkinson v. Kirkpatrick*, 90 Kan. 515, 135 Pac. 579, citing *Howard v. Johnston*, 82 N. Y. 271, it was said that the provision of the Code allowing supplemental pleadings authorizes the court to permit a defendant to set up a set-off or counterclaim based upon facts arising since the filing of the original petition. After citing the statute of that state permitting the filing of supplemental pleadings,

the court, in *Halfmoon Bridge Co. v. Canal Board*, 213 N. Y. 160, 107 N. E. 344, held that the trial court had a discretion to permit or refuse a supplemental pleading, but that such discretion must be exercised reasonably, and not capriciously or willfully. In *Jensen v. Dorr*, 159 Cal. 742, 116 Pac. 553, it was held to be an abuse of discretion to refuse leave to defendant to set up by supplemental answer the bankruptcy discharge obtained subsequent to the commencement of the action as a bar to any personal judgment, where proper application was made therefor within a reasonable time. Other cases bearing upon the question at issue are: *Cleveland, etc., R. Co. v. Hadley*, 179 Ind. 429, 101 N. E. 473, 45 L. R. A. (N. S.) 796; *Milliken v. McGarrah et al.*, 164 App. Div. 110, 149 N. Y. Supp. 484; *Henry v. Montezuma W. & L. Co.*, 55 Colo. 182, 133 Pac. 747; *Gribben v. Clement*, 141 Iowa, 144, 119 N. W. 596, 133 Am. St. Rep. 157.

The statute authorizing the filing of supplemental petitions has been construed and given effect by this court in *Wade v. Gould*, 8 Okla. 690, 59 Pac. 1; *Reynolds v. Hill*, 28 Okla. 533, 114 Pac. 1108; *Prince v. Gosnell*, 149 Pac. 1162. Our statute permitting amendments is very broad, and that permitting the filing of supplemental pleadings, it seems, vests in the trial court a full discretion in the matter of filing a supplemental petition, and leaves to the court the authority to permit the same to be done, upon such terms as to costs as the court may prescribe. In the case at bar the supplemental petition brought into the case no fact not known to the defendant. Indeed, at every stage of the proceedings, he had urged the precise objection that was met by the supplemental pleading. The trial was begun on March 25th, or almost three months after defendant had qualified and assumed the duties of

the office. The court had already acquired jurisdiction of the action, though the original petition was defective. There was no change of parties, the subject-matter remained the same, and the object of the proceeding was the same. *State ex rel. Wood v. Baker*, 38 Wis. 71; *State ex rel. Rose et al. v. Job et al.*, 205 Mo. 1, 103 S. W. 493; *Hunnicutt v. State ex rel. Witt*, 75 Tex. 233, 12 S. W. 106.

I believe the majority opinion of this court is in conflict with both the spirit and letter of section 6005, Rev. Laws 1910; for it certainly cannot be said that by reason of the action of the trial court in permitting the supplemental petition to be filed a miscarriage of justice resulted, or that in doing so the trial court violated a constitutional or statutory right of the defendant. This statue, and section 4791, providing that errors or defects in the pleadings or proceedings, not affecting the substantial rights of the adverse party, should furnish no grounds for reversal on account of such error, were intended to prevent the reversal of judgments upon mere technicalities, and to give regard to the merits of a controversy. The purpose of the former provision of the statute is recognized by the majority opinion, but it is said, in effect. that because the court refused to allow the defendant a reasonable time to answer the supplemental petition, and to prepare for trial, the court would not be justified in applying the statute. That the court may or may not have committed an error in ruling the defendant to answer on the following day, presents another and different assignment of error from that under consideration. The point I urge is that, upon the record, no error or abuse of discretion was committed by the trial court in permitting the filing of the supplemental petition.

The opinion takes no account of the former decision of the court in *Lewis v. Bandy,* 45 Okla. 45, 144 Pac. 624, where it is said in the syllabus:

"Where the original petition alleges an intent upon the part of defendant to usurp the duties and functions of a particular office, it is not error for the court to permit an amendment to allege that such usurpation had, in fact, occurred."

The statement of the case is somewhat involved, though it appears that the action was begun November 20, 1912, and we may fairly assume from the statement in the syllabus and from the law fixing the time that the term of office of county commissioners shall begin that the "amendment" was filed after the defendant had entered upon the discharge of the duties of his office. In such circumstances a supplemental, and not an amended, petition would have been the proper pleading, though the point does not appear to have been made.

I am, for the reasons stated, unable to concur in the opinion of the court.