Beeson v. Perry.

No. 27,223.

EMMA BEESON, *Appellee,* v. B. L. PERRY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Imputing Husband's Negligence to Wife.* A wife riding in an automobile with her husband is not necessarily negligent because he is negligent.

2. APPEAL AND ERROR—*Question Reviewable—Presentation to Trial Court.* The question whether the husband and wife were engaged in a joint enterprise, so that his negligence is imputed to her, not fairly presented to the trial court, is not available on appeal.

3. MOTOR VEHICLES—*Collision—Negligence—Evidence.* In an action for damages resulting from the collision of two automobiles, the evidence supports a finding of negligence of defendant.

4. DAMAGES—*Excessive Verdict.* The amount of the verdict is not so large that it can be held excessive as a matter of law.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 12, 1927. Affirmed.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellant.

*Walter S. Keith* and *Harold C. McGugin,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for personal injuries resulting from the collision of two automobiles at the intersection of two city streets. Plaintiff recovered, and defendant has appealed.

The facts are substantially as follows: On the morning in question plaintiff and her husband, who conducted a dairy, were delivering milk to their customers in the city. They were in a Ford touring car. Plaintiff's husband was driving; plaintiff occupied the front seat beside him; crates of milk in bottles were on the running boards and in the back of the car. The side curtains were on the car. It was a wintry morning, the streets were slick with sleet and snow. It was snowing and misting. The falling snow clung to the windshield and side curtains making it difficult to see well enough to drive a car. Central avenue in the city of Coffeyville is a north and south street. It is intersected by Sixth street, an east and west

Appeal and Error, 4 C. J. p. 946 n. 14. Damages, L. R. A. 1915F, 30; 8 R. C. L. 674. Motor Vehicles, 28 Cyc. pp. 41 n. 46, 47 n. 20, 48 n. 28. Negligence, 20 R. C. L. 153.

street. Both streets were paved 31 feet wide. There are no ob-
structions at this intersection which interfere with the view of one
approaching the intersection on one street of a car approaching on
the other. Plaintiff and her husband were proceeding north on
Central avenue and had turned, or were turning, east into Sixth
street. Defendant, driving a Studebaker, special six, five-passenger
touring car with a winter enclosure, was going east on Sixth street;
he was returning home from taking his son to high school. The two
cars collided near the southeast corner of the intersection. They came
together in such a way that the left front portion of the Ford came
in contact with the right side of the Studebaker about where the
front fender joins the running board. After the cars were stopped,
the Ford was on Sixth street, facing east, about 12 or 15 feet east of
the curbing on Central avenue, the right front wheel up against the
south curbing of Sixth street, and the right hind wheel about 18
inches north of the curbing, and the Studebaker was a little east of
the Ford, but over on the north side of Sixth street. Plaintiff and
her husband were in their car; defendant got out of his car, went
over to them, offering his assistance, which was declined, and gave
them his name and place of business.

In plaintiff's petition it is alleged that the collison occurred on
Sixth street, about 60 feet east of Central avenue, while both cars
were going east, and that defendant, coming from the rear of the
car in which plaintiff was riding, so negligently drove and handled
his car as to drive it against the car in which plaintiff was riding.
Plaintiff's testimony tended to show that the car in which she was
riding had turned the corner into Sixth street and proceeded a few
feet when the collision occurred, and that the Ford never moved
after the impact. Defendant's evidence tended to show that the
collision took place in the intersection near the southeast corner,
just as the Ford was turning into Sixth street, and that the force of
the impact pushed the Ford to the place where it stopped.

The jury answered special questions as follows (omitting some
repetitions) :

"1. Was the defendant, B. L. Perry, guilty of any negligence, alleged in
plaintiff's petition, that contributed to and was the proximate cause of plain-
tiff's injury? A. Yes.

"2. Was the plaintiff guilty of any negligence that contributed to her in-
juries? A. No.

"3. If you find from the evidence in this case that the defendant was guilty
of negligence, please state in what the negligence consisted. A. Beeson car

Beeson v. Perry.

had right of way. Perry testified he saw the possibility of a collision and continued across the intersection regardless.

"4. At what rate of speed was the car in which the plaintiff was riding being driven at the time of the accident? A. About 5 or 6 miles per hour.

"5. At what rate of speed was the car in which the defendant was riding being driven at the time of the accident? A. From 12 to 15 miles per hour.

"6. How far was the Beeson car from the south side of Sixth street at the time of the accident? A. 18 inches from the curb.

"7. How wide is the street at the place where the accident occurred? A. 31 ft.

"8. Was there sufficient space on the north side of the plaintiff's car for the car in which the defendant was riding to have safely passed? A. Yes.

"12. Where, with reference to the intersection, did the collision take place? A. Near the southeast corner of the intersection.

"13. Who entered the intersection first, the plaintiff, Emma Beeson, or the defendant, B. L. Perry? A. About the same time."

There was a verdict and judgment for plaintiff for $2,500.

Appellant contends, first, that the court should have sustained his demurrer to the evidence of plaintiff on the ground that plaintiff was guilty of contributory negligence as a matter of law. She testified that when her husband drove into the intersection she did not see the defendant's car. She was asked:

"Q. You didn't look towards the west? A. No; I didn't look toward the west, we turned and went east."

Both plaintiff and her husband testified that they did not see defendant or his car until after the collision. Then defendant's car was right in front of them. When the demurrer was interposed, the evidence was that the collision did not take place in the intersection, but east of it a short distance and while both cars were going in the same direction. In that state of the evidence the court could not say, as a matter of law, that the failure of plaintiff to look to the west as she entered the intersection was such contributory negligence on her part as barred her recovery.

Appellant argues that plaintiff and her husband were engaged in a joint enterprise, and therefore that the negligence of her husband in driving into the intersection without looking for a car approaching the intersection on Sixth street, and with his vision impaired by his windshield partly covered with snow, was in fact her negligence, each being the agent of the other. This point appears not to have been specifically urged in the court below. No instruction was given upon that question, and none requested. The case

was tried and submitted to the jury on the theory that the plaintiff was a guest of her husband. The court told the jury:

"You are instructed that the plaintiff herself is charged with the duty of looking out for her own safety as far as practicable, and if you find that plaintiff, in the exercise of reasonable and ordinary care, could have warned her husband who was driving the car, in time for him to have avoided the accident, or if the plaintiff could herself have stopped the car in time to have avoided the accident, and she did not do so, then the plaintiff could not recover in this action, and your verdict should be for the defendant, B. L. Perry."

In view of this situation we are not able to say, as a matter of law, that plaintiff and her husband were engaged in such a joint enterprise, or that she was so jointly with him in control of the car that his negligence is imputed to her. The jury found that the plaintiff was not negligent. That was a proper question to submit to the jury under all the facts and circumstances disclosed by the evidence, and it was submitted to them under instructions which are not complained of and which appear to be proper. A woman riding in a car with her husband is not necessarily negligent because he is negligent. (*Williams v. Withington,* 88 Kan. 809, 129 Pac. 1148; *Denton v. Railway Co.,* 97 Kan. 498, 501, 155 Pac. 812; *Schaefer v. Interurban Railway Co.,* 104 Kan. 394, 181 Pac. 118; *Nevitt v. Railway Co.,* 115 Kan. 439, 223 Pac. 269.)

It seems clear that the jury took a view in accord with the evidence of defendant as to where the collision took place. They found that the parties entered the intersection "about the same time," that the collision took place "near the southeast corner of the intersection," that plaintiff's car was going "about five or six miles per hour" and defendant's car from "twelve to fifteen miles per hour." Asked to state the negligence of the defendant, they answered:

"Beeson car had right of way. Perry testified he saw the possibility of a collision and continued across intersection regardless."

Under these findings, defendant's car was traveling a little more than twice as fast as plaintiff's. They entered the intersection about the same time. Plaintiff's car had the right of way. Defendant testified that he was driving east on the south side of Sixth street and crossed this intersection at ten to twelve miles per hour. His car was equipped with an automatic windshield wiper, which kept the snow from the windshield, so that he could see clearly. As he approached the intersection with Central avenue he looked to

the right and saw plaintiff's car approaching. As he entered the intersection he thought he had time to cross ahead of it. This proved to be a mistake. Under the jury's findings plaintiff's car was not more than ten or twelve feet from the intersection when defendant entered it from the west. And it may very well be true that the cars entered the intersection at about the same time, as the jury found. The following questions were asked and answers given:

"Q. Did you see the Beeson car after you had entered the intersection prior to the time it hit you? A. Yes, sir; I saw it from the time I first saw it, down the street, until it hit me.

"Q. Did you make any attempt to avoid it? A. No, sir.

"Q. Well, did you see it was going to hit you before it hit you? A. Well, I could not help but notice the car was going to crash into my car the closer it got."

Notwithstanding this he drove straight ahead. He had plenty of room to drive to the left of plaintiff's car and miss it. The jury was justified, under this evidence, in finding the defendant guilty of negligence.

Appellant contends that there is a variance between the pleading and the proof, plaintiff having alleged that the collision occurred 60 feet east of the intersection when both cars were going in the same general direction, and the proof disclosed that it occurred either in the intersection or a few feet east of it. It is difficult to see how this variance affected the defendant to his prejudice. The entire matter was tried out; there was no request for further time, or dismissal, because of such variance. Had the question been raised, no doubt the court would have permitted an amendment to the petition to conform to the proof. (*Collier v. Monger*, 75 Kan. 550, 89 Pac. 1011; *Caley v. Mills*, 79 Kan. 418, 100 Pac. 69.)

Lastly, it is contended that the verdict is excessive. There was a cut on plaintiff's face under her eye which bled profusely and which had to be sewed up. That healed in the normal time of two or three weeks, and apparently gave no further trouble. The principal injury relied upon, and for which damages were allowed, was to the back. There was no evidence of a blow on the back, but there is evidence of injury from jar or shock which required the plaintiff to take to her bed for some time, and which has since incapacitated her for her ordinary vocations. Prior to that time she had been an active, hard-working woman. The evidence as to the extent of this injury, and as to whether her disability was a result of an injury

sustained in the collision, was controverted. There is ample evidence which, if believed by the jury, sustained their finding upon this point, and the amount of the verdict is not so great that we can say, as a matter of law, that it is excessive.

Finding no material error in the case, the judgment of the court below is affirmed.